Perry *vs.* The Central Railroad.

## PERRY *vs.* THE CENTRAL RAILROAD.

[This case was argued at the last term, and the decision reserved. JACKSON, Chief Justice, having been of counsel, Judge STEWART, of the Flint circuit, presided in his place.]

1. It is the duty of a railroad company, through its agents, to give reasonable signals of the departure of its. trains from its stations and depots, such signals as would ordinarily attract the attention of passengers and those interested in the movements of the cars of the railroad company.

2. Should a passenger needlessly linger about a depot or station, and neglect to board a train, then the company as to such passenger is only bound to ordinary diligence; and it would be the duty of such passenger to use caution in observing signals which might be given by the agents of the company.

3. The officers of a railroad company have the right to presume that passengers will only attempt to get on and off its cars at the places designated by the company for such purpose, and it is not the duty of the railroad company to keep its track clear for those who may see proper to pursue the cars while leaving a depot or station; and more especially would this be true as to those who pursue the cars to a point beyond that assigned by the company for receiving and discharging passengers.

4. A party guilty of a negligence by which a loss is sustained shall only be liable for the proximate consequences of his wrongful act.

5. To entitle a party to recover damages of a railroad company on account of the negligence of its agents, it should appear that the negligence was the natural and proximate cause of the injury; for should it appear that the negligence of the railroad company would not have damaged the party complaining but for the interposition of a separate independent agency, over which the railroad company neither had or exercised control, then the party complaining cannot recover.

6. The granting of a new trial in this case by the court below, was not such an abuse of his discretion as would authorize this court to reverse the judgment.

New trial. Railroads. Damages. Negligence. Before Judge SIMMONS. Bibb Superior Court. October Adjourned Term, 1879.

Reported in the decision.

JOHN & J. C. RUTHERFORD, for plaintiff in error.

R. F. LYON, for defendant.

STEWART, Judge.

The plaintiff brings his action to recover damages of the defendant for injuries received by him while on the track of defendant's road.

This case has been tried twice in the court below, and by writ of error was brought to this court and heard here, as will appear in 58 *Ga.*, 461.

The plaintiff on the first trial obtained a verdict against the defendant. A motion was made for a new trial, and the same was overruled, and defendant brought the case to this court, and a new trial was granted. A second verdict was obtained by plaintiff, and a motion was made by the defendant for a new trial, which was granted by the court below. The judgment of the court granting a new trial is here for review. The facts of the case as presented at both trials are very similar.

On the second trial, the testimony was in substance as follows: On the 13th of October, 1874, plaintiff was in the city of Macon; purchased a ticket of defendant for Savannah, left the Brown House for the depot about thirty minutes before time for train to leave, as was his information; went aboard the sleeping car of defendant's road, found the porter arranging the berths, but had not finished all of them for occupancy; selected one about the middle of the car; deposited satchel and umbrella; went out of car to platform. Plaintiff was going to Savannah to get married, expected to meet the brother of his intended wife before leaving Macon, and believed he might meet with him on the platform, situated along the track of defendant's road. When about twenty or thirty feet from the car he met a friend, some conversation occurred, took his friend by the hand, and while thus standing, the cars, without any signal,

v 66—47

moved off.   Some persons ran by plaintiff, saying, "the cars are gone!"   Plaintiff jerked loose from the hand of his friend, and ran across the track of defendant's road, and ran down on the platform from the opposite side from where he had been standing.   Plaintiff had been standing on platform between Central and Southwestern Railroad tracks before running, continued running until he reached the east end of the car-shed, and while passing through a gateway near the arch of the car-shed, plaintiff came in contact with an engine of the Macon and Augusta Railroad, which was coming up and into the car-shed.   His right leg came in contact with the pilot of the engine, and was crushed by it, and had to be amputated.   Plaintiff ran rapidly, his purpose being to see if the train on defendant's road would not stop after passing out of car-shed, intending to get aboard if it did so.   Some twenty feet from the east end of the car-shed the cars on defendant's road passed over a switch, which had to be changed and then the engine and cars of the Macon and Augusta Road would pass up to and under the car-shed on defendant's road.   The gateway between the track and the arch was very narrow, in passing out of the car-shed.

The accident occurred in the night.   The car-shed was lighted, but after passing out from under the shed, there was no light.   Plaintiff had no information that the cars of the Macon and Augusta Road would come in on the track of defendant's road.   The officers on defendant's road did not know that the plaintiff was injured until the next morning while in Savannah.   Plaintiff gave testimony as to his age, income, capacity to labor, health, suffering, etc.

Witnesses for defendant testified that they gave the usual signals, by ringing the bell and crying "all aboard." That the cars left on schedule time, or a little after, which was thirty-five minutes past 7 o'cock, P. M.   That in making up the train the engine stood outside of the car-shed, beyond the road-crossing, and the rear end of the car was

near the ticket office. That the train was about two hundred yards long, and moved beyond the switch before the cars of the Macon and Augusta Road could enter the shed. That the Macon and Augusta Railroad was a separate corporation from defendant, and by contract used the track of defendant's road in passing in and out of the car-shed. The speed of the outgoing and incoming train was given in evidence; a diagram was put in evidence, showing location of the track, length of cars and location of switch, etc. Upon the foregoing statement of facts, said case, with the charge of the court, was submitted to the jury, who returned a verdict in favor of plaintiff for $5,000.00.

The defendant made a motion for a new trial, which was granted.

The principal ground in the motion for a new trial appears to have been, that the court charged the jury: "If plaintiff by the exercise of care and caution could have prevented the consequences of defendant's negligence to himself, then the plaintiff could not recover."[*]

Plaintiff in this case insists that, at the time of the accident, he was not guilty of negligence, but that the officers of defendant's road were; he insists that the agents of defendant caused the cars to leave the depot at Macon without blowing the whistle, ringing the bell, or giving any other signal. Whether signals were given at all, and if given, whether the same were reasonable and usual, and whether plaintiff used diligence in noticing and observing signals if any were given, were all questions to be submitted to the jury.

1. It is the duty of a railroad company to give reasonable signals of the departure of its trains from its stations and depots, such signals as would ordinarily attract the attention of passengers and those interested in the movements of the cars of the railroad company. In this case the plaintiff had purchased a ticket and entered the cars

[*]The ground of the motion was that the verdict was contrary to the charge of the court. (R.)

on defendant's road, but after doing so, went out. of the cars, engaged in conversation at the time the cars began to move out from under the car-shed. Whether defendant on this account was guilty of negligence, was a question of fact for the jury.

2. If a passenger should needlessly linger about a depot or station and neglect to board a train, then the railroad company as to such passenger is only bound to ordinary diligence, and it would be the duty of such passenger to use caution in observing signals, which might be given by the agents of the railroad company.

3. The officers of a railroad company have the right to presume that passengers will only attempt to get on and off its cars at the places designated by the company for such purpose; and it is not the duty of the railroad company to keep its track clear for those who may see proper to pursue the cars while leaving a depot or station, and more especially would this be true as to those who pursue the cars to a point beyond that assigned by the company· for receiving and discharging passengers.

The plaintiff in this case insists that he was induced by the conduct of the agents of defendant to pursue the train, and in doing so he came in contact with an approaching engine of the Macon and Augusta Railroad, and was thereby injured.

Under the facts of this case, we hold that it would be proper for the court below to submit to the jury the rule of law as to when damages are direct, and the immediate consequence of a wrongful act, and when too remote and only the imaginary or possible result of a tortious act.

4, 5. A party guilty of negligence by which loss is sustained should only be liable for the proximate consequences of his wrongful act. Code, §§3071, 3072, 3073; Field on Corporations, sections 337–8; Field on Damages, sections 10, 13, 48, 49, 50, 664; 35 New York, 210; 62 Pennsylvania, 353; 32 Wisconsin, 524–536; 4th Gray, 395.

From the evidence, it appears that the Macon and Au-

gusta Railroad Company had obtained the privilege of using the track of defendant's road under the car-shed in the city of Macon, for the purpose of receiving and discharging passengers, and it appears that at the time of the accident, that the cars on defendant's road moved out from under the car-shed and passed over the switch, some twenty feet beyond the east end of the shed, and immediately afterwards the engine of the Macon and Augusta Railroad moved up to the car-shed, and just as it was entering the same, plaintiff, who was running rapidly, to ascertain whether or not the cars on defendant's road would stop, came in contact with it and was injured

. The Macon and Augusta Railroad Company is a separate and distinct corporation from the defendant's road, and by contract was permitted to use that portion of the track of the Central Railroad and Banking Company, situated under the car-shed. The rule of law under such a statement of facts, is,

"To entitle a party to recover damages of a railroad company on account of the negligence of its agents, it should appear that the damages were the natural and proximate cause of the injury, for should it appear that but for the intervention of a responsible third party, the defendant's negligence would not have caused damage to the plaintiff, then, the defendant is not liable to plaintiff, for the reason that the casual connection between negligence and damage is broken by the interposition of an independent, responsible human action. Field on Damages, sections 13, 32, 52, 53, 78; Wayne on Damages, section 25; Wharton on Negligence, section 134; Wait's Actions and Defenses, title Damages.

6. The granting of a new trial in this case by the court below, was not such an abuse of his discretion as would authorize this court to reverse the judgment.

Judgment affirmed.