### 5156. WHITE v. SEABOARD AIR-LINE RAILWAY.

RUSSELL, C. J. 1. (a) Under the law of the State of South Carolina, upon which the plaintiff bases his action, damages can not be recovered for an injury inflicted by a fellow servant engaged in the same work with the person alleged to have been injured; but a servant is not precluded from recovery for an injury consequent upon an improper order given by one authorized by the defendant to supervise or direct the work in question. During the pendency of the work, at least, such a one would be a superior agent of the company or of that particular officer of the company who in fact had the right to control or direct the services of the party injured.

(b) Even if the person who gave the improper order may properly be held to be a fellow servant, the award of a nonsuit is not warranted when it is issuable, under the evidence, whether the proximate cause of the injury was the negligence of a fellow servant, or the negligence of the defendant in failing to supply a sufficient number of fellow servants to insure the safety of the plaintiff in the performance of the work assigned to him, at the time and place of the work and under the circumstances under which the work was to be done, or the negligence of the defendant in employing and retaining in its service, as a fellow servant with the plaintiff, one whose character and habits so far unsuited him for employment in the work in which the defendant's servants were engaged as to jeopardize the plaintiff's safety. Questions of negligence are for the jury alone, and the determination of the proximate cause is involved in and essential to the ascertainment of what negligence, as well as whose negligence, the injury is properly to be attributed to. A court can no more determine upon an issue as to what particular act or circumstance was the proximate cause of an alleged injury than it can determine that the same particular act was an act of negligence; for the jury might determine that the act which the court held was the proximate cause was not negligence, while they might be of the opinion that an act adjudged not to be the proximate cause of the injury was negligence.

2. In view of the evidence disclosing that the plaintiff did not, upon cross-examination, withdraw or alter in any material respect the testimony delivered by him in response to the direct examination, the ruling of the Supreme Court in *Evans* v. *Josephine Mills*, 119 *Ga.* 448 (46 S. E. 674), is not in point.

3. Where the laws of a foreign State are pleaded as a basis of an action, the laws of that State are to be applied in determining the plaintiff's right to recover. The laws of a foreign jurisdiction are to be given the same construction by the courts applying the remedy as that given by its court of last resort. Under the rulings of the Supreme Court of South Carolina, the term "appliances" includes human agencies; and in this view, the proof offered by the plaintiff in support of his allegation that the defendant had failed to furnish a sufficient number of fellow servants sufficed to withstand a motion to nonsuit.

4. The evidence was sufficient to have authorized the jury to find that the plaintiff exercised ordinary care for his own safety, and that his injuries

were due and traceable either to the negligence of the directing agent of the defendant in giving an unusual and improper order in connection with the dropping of the rail, or to the negligence of the defendant in failing to supply fellow servants with sufficient strength and intelligence to perform the work in hand, or to the negligence of the defendant in employing and retaining in its employ a servant whose character and conduct at the time and place in question were such as to make what otherwise would have been a safe place of labor an unsafe place to work. The plaintiff's petition averred that the defendant was negligent on each and all of these grounds, and the plaintiff was entitled to recover upon proof of any one of them, if the jury determined that any one of the charges of negligence was sustained. Consequently the court erred in awarding a nonsuit.                    *Judgment reversed.*

DECIDED JANUARY 20, 1914.

Action for damages; from city court of Savannah—Judge Davis Freeman. July 23, 1913.

*Oliver & Oliver,* for plaintiff.

*Anderson, Cann & Cann,* for defendant.

POTTLE, J., concurring specially. I concur in the judgment, for the reason that under the evidence the jury could find that the defendant's foreman in charge of the work was such a superior servant, or officer, within the meaning of the law of South Carolina, as to take the case out of the operation of the fellow-servant rule, and that the efficient cause of the injury was an improper order given by the foreman. If this agent of the defendant was a mere fellow servant with the plaintiff, he would not be entitled to recover. The plaintiff can not, under the evidence, recover solely upon the theory that the defendant employed and retained in its employ an incompetent servant. The mere fact that a master employs or puts in charge of a given work a servant who is in the habit of cursing and "rearing" at and hurrying other employees is not such negligence as to authorize a recovery in a given case, upon the theory that the other servants became so excited by reason of the conduct of the servant in charge of the work as to perform the work improperly, with consequent injury to one of the servants engaged therein. Knowledge by the defendant of this habit of the superior servant is not enough to authorize a finding that it could reasonably have anticipated that, in consequence of this habit, such an injury as that disclosed in the present record might result to one of the servants. If, therefore, the jury should find that the order given by the foreman was a proper one, the plaintiff would not be entitled to recover.

Treating the defendant's agent in charge of this work as an "appliance," within the meaning of the law of South Carolina (which seems to have been so construed by the Supreme Court of that State), it can not be said, under the evidence, that the plaintiff's injury was the proximate result of any negligence of the defendant company in furnishing an improper appliance. All that appears in the evidence on this subject is that the foreman, on the occasion upon which the plaintiff was injured, cursed and "reared," and hurried the servants engaged in the same work with the plaintiff, to such an extent as to cause them to become excited and drop the iron rail. This is not an act which the defendant could reasonably have anticipated would result from the foreman's conduct, above set forth.