18793. ROSS *v.* WILLIAMS MANUFACTURING COMPANY.

DECIDED MAY 15, 1928.

*Brock, Sparks & Russell,* for plaintiff in error.

*Jones, Jones & Johnston,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) In addition to the foregoing statement of facts, particular attention is called to the 19th paragraph of the petition, which alleges that "petitioner charges that the fire from the lumber plant of said Joe Hadaritz would not have spread to your petitioner's property, and would not have injured or damaged any of your petitioner's prop-

erty, except for the lumber piled on your petitioner's property by defendant's agents and employees;" and to the fact that the petition further alleges that by reason of said lumber being piled by the defendant on the plaintiff's land, the plaintiff was injured and damaged by fire. It will thus be seen that the plaintiff has plainly alleged that the pile of lumber caused the plaintiff's damage, and that the plaintiff would not have been damaged had it not been for the pile of lumber placed there by defendant. The petition shows that the defendant was guilty of the breach of a legal duty, which caused the plaintiff's injury and without which the plaintiff would not have been injured. The trespass of leaving the lumber on the plaintiff's land after notice to remove it was a continuing one, and was being committed at the very moment that the fire in the Hadaritz mill started. Counsel for the plaintiff in error in his brief says: "This case involves a single issue. What was the proximate cause of the damage to the plaintiff's property? The plaintiff in error says that the legal cause of this loss was the act or omission of third persons. This is disputed by defendant in error. In *Georgia Railway & Power Co.* v. *Ryan,* 24 *Ga. App.* 289 [100 S. E. 713], the court said: 'No general yet precise and inflexible rule can be laid down with reference to the highly involved and much-discussed subject as to what constitutes the proximate cause of an injury. Consequently each case must depend for solution upon its own particular facts; but it is a well settled principle of law that where two concurrent causes operate directly in bringing about an injury, there can be a recovery against either one or both of the responsible parties. The mere fact that the injury would not have been sustained had only one of the acts of negligence occurred will not of itself operate to define and limit the other act as constituting the proximate cause, for if both acts of negligence contributed directly and concurrently in bringing about the injury, they together will constitute the proximate cause. *Barrett* v. *Savannah,* 9 *Ga. App.* 642 (72 S. E. 49); *Bonner* v. *Standard Oil Co.,* 22 *Ga. App.* 532 (96 S. E. 573), and cases cited. The determination of questions as to negligence lies peculiarly within the province of the jury, and in the exercise of this function the question as to what constitutes the proximate cause of an injury complained of may be directly involved as one of the essential elements and disputed issues in the ascertainment of what negligence, as well

as whose negligence, the injury is properly attributable to. *White v. Seaboard Air-Line Ry.*, 14 *Ga. App.* 139 (80 S. E. 667). It was not error, therefore, for the judge to overrule the railway company's demurrer to the petition, since it was properly a question of fact, for the jury to determine from the evidence, whether the defendants were guilty of negligence in any of the particulars charged, and, if so, whether the concurrent acts of negligence of both wrongdoers, or the separate acts of either of them, constituted the proximate cause of the injury.' "

Applying to this case the principles announced in the above quotation and the cases cited therein, this court will not say that the judge erred in overruling the demurrer to the petition.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*