19936.  PETTY *v.* MOORE.

DECIDED NOVEMBER 13, 1929.   REHEARING DENIED DECEMBER 10, 1929.

*Maddox, Sapp & Maddox,* for plaintiff in error.

*R. Carter Pittman,* contra.

LUKE, J.   This case arises out of a collision between the automobiles of the plaintiff, Joe Moore, and Henry Petty, the defendant, Moore claiming that his automobile was damaged in the sum of $80.50 by reason of Petty's negligence, and Petty alleging that his car was injured to the extent of $56.90 by reason of Moore's negligence.   The jury found for the plaintiff a verdict for $55.50, and Petty excepts to the overruling of his motion for a new trial, based upon the general grounds and certain special grounds.

It appears from the record that Thornton Avenue, a street in the City of Dalton, is intersected by West Morris Street, running east and west; that at about 8 o'clock at night, plaintiff was driving his automobile north on the right side of Thornton Avenue towards the intersection of said streets, and defendant was driving his car south on the opposite side of Thornton Avenue towards said intersection; that as defendant approached West Morris Street an automobile driven by an unknown person in an easterly direction on Morris Street entered Thornton Avenue; and that in order to avoid a collision with it, the defendant suddenly turned his car to the left, and collided with the plaintiff's automobile at a point south of said intersection.

Plaintiff testified: that when he was some distance from said intersection he saw an automobile with headlights burning, down Thornton Avenue, and another coming out of West Morris Street; that when plaintiff's automobile, traveling at about fifteen or twenty miles an hour, was about three feet from the curb on his side of Thornton Avenue, and fifty or sixty feet from Morris Street, defendant's car struck it on the side; that when plaintiff saw defendant "cut in" he put on brakes, "but it was too late;" that he did not know whether the defendant could have passed him on the

left, but that Thornton Avenue was wide enough at that place for four cars to travel abreast; that the plaintiff supposed his car stopped within about fifty feet, and that his car was damaged as alleged.

W. M. Jones testified: that when he reached the scene Petty's car was ten or fifteen feet south of the curb on West Morris Street, and that a person traveling south on Thornton Avenue could see a car coming out of West Morris Street "just above the intersection," but could not see it from the intersection, because of a house and other obstructions. J. E. Wyatt testified: that he was in the car with the defendant; that he saw an automobile coming out of West Morris Street, at about fifteen miles an hour, "a little piece in front of Mr. Petty's car;" that said car turned the corner, and Petty's car missed it about four or five feet; that "if this car was three or four feet from the curb on the west side of the street, and Mr. Moore's car was three or four feet from the curb on the east side of the street, there would be enough room between the cars for another car to pass, but that Mr. Petty did not go through there,—he made a quick turn that way," or witness "supposed he would have hit the other car."

Defendant testified: that he saw plaintiff's car "a good piece off;" that when he got to West Morris Street "a fellow shot out" in front of him at a speed of thirty miles an hour and ran clear across the street, and he, defendant, cut his car to the left, missing the third car about a foot; that plaintiff ran his car in front of defendant; that he could not see the car coming out of Morris Street until he got right at him; that he had fifteen feet on his right side, but did not have time to get back over there; that the cars came together just south of Morris Street, and that witness applied his brakes and the car "slid around on the street," and was not going over two miles an hour when Moore hit him; and that his car was damaged as alleged. R. W. Pinson testified that Moore's car was hit "right at the back of the fender, where the fender connects with the running-board." The testimony of the other two witnesses throws little or no additional light on the occurrence, and will not be gone into.

■ Whose negligence was the proximiate cause of the collision? Plaintiff says it was the defendant's; defendant says it was that of the unknown driver; and the jury reached the conclusion that it

was the defendant's. "The determination of questions as to negligence lies peculiarly within the province of the jury, and in the exercise of this function the question as to what constitutes the proximate cause of an injury complained of may be directly involved as one of the essential elements and disputed issues and the ascertainment of what negligence, as well as whose negligence, the injury is properly attributable to." *Ross* v. *Williams Mfg. Co.*, 38 *Ga. App.* 178, 180 (143 S. E. 448). The brief of evidence in this case illustrates the wisdom of the foregoing rule, and we can not say that the verdict approved by the trial judge is without evidence to support it.

■ Special ground 1 is that the court erred in ruling out an ordinance of the City of Dalton which subjects drivers of vehicles to a fine of $50 or work on the street, if they do not bring their vehicles to a stop before entering upon certain streets, including Thornton Avenue. It is insisted that this ordinance was relevant to show criminal negligence on the part of the driver of the unknown car. Defendant himself, referring to the unknown driver, testified: "My best judgment is he was running thirty miles per hour when he came out of West Morris Street. . . I looked out West Morris Street, but I could not see the car until I got right to the corner." In these circumstances we do not see how the fact that the unknown driver violated the said ordinance by failing to bring his car to a stop before entering Thornton Avenue would have thrown any additional light on his conduct or had any tendency to change the jury's finding. If the court erred in excluding the ordinance, it was harmless error; and this ground discloses no reversible error.

■ Special ground 2 is that the court erred in failing to give the following requested charge: "Before you would be authorized to find in favor of the plaintiff in this case, it must appear from the evidence that the negligence of the defendant Petty, if he was negligent, was the proximate cause of the damages alleged to have been sustained by the plaintiff. If there intervened the negligence of a third party, and the defendant's negligence, if you believe from the evidence that the defendant was negligent, such intervening negligence of a third party producing or causing the injury, that is, the act would not have happened but for the act of a third party, your verdict should be in favor of the defendant." The first sentence

■

of the foregoing requested charge is correct, but the second sentence is confusing and is not the law. Under the record in this case, it would be highly improper for the court to give any charge that might be construed as measuring proximate cause by the test "that the act would not have happened but for the act of a third party." In the instant case it is almost certain that the collision would not have occurred but for the act of the third party, yet the jury did not believe that such act was the sole and proximate cause of the collision, and, under the record, they had the right so to conclude. "Where a request to charge contains several propositions one or more of which are incorrect, the judge may refuse the entire request." *Grace* v. *McKinney,* 112 *Ga.* 425 (37 S. E. 737). The court properly refused to give the requested charge.

■ In the third and last special ground complaint is made of the latter portion of the following excerpt from the charge of the court: "I charge you that before you would be authorized to find in favor of the plaintiff in this case, it must appear from the evidence that the negligence of the defendant Petty, if he was negligent, was the proximate cause of the damages alleged to have been sustained by the plaintiff. If there intervened the negligence of a third party, and the defendant's negligence, if you believe from the evidence that the defendant was negligent, such intervening negligence of a third party producing or causing the injury, that is, the act would not have happened but for the act of the third party, then plaintiff could not recover; but if the defendant, by the exercise of ordinary care, could have avoided the injury sustained by Mr. Moore, the plaintiff, Mr. Petty, would be liable, even though a third party intervened by negligently driving out of Morris Street at a rapid rate of speed onto Thornton Avenue."

The complaint is as to the last clause of the excerpt, coming immediately after the semicolon, beginning with the word "but," and ending with the word "Avenue" at the end of the charge. Error is alleged because "it is not the law, is contradictory, confusing, and misleading," is harmful and prejudicial to movant, is the expression of an opinion by the court upon the evidence, is destructive of the defense that the "intervening criminal negligence of a third party caused the damages sustained by Moore," and because even though movant were negligent, if the negligence of the driver of the automobile from West Morris Street caused the damage, movant is not liable.

The first part of the second sentence of the foregoing excerpt is inapt, as has been hereinbefore indicated, and is really harmful to the plaintiff, but in it the court apparently undertook to instruct the jury that if the intervening negligence of a third party was the sole and proximate cause of the collision, the defendant would not be liable. To charge in the same sentence that if Petty could have avoided the collision by the exercise of ordinary care he would be liable does tend to destroy the defense that the negligence of the third party was the sole and proximate cause of the collision. If it were, defendant's negligence would not enter into the equation.

The court erred in overruling the third special ground of the motion for a new trial, and for this reason alone the judgment is reversed.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*