## 53235. BURNHAM v. MIZE.

SHULMAN, Judge.

The defendant in this case installed a gas line to residences in the City of Valdosta, among which was that of the plaintiff. The installation required the digging of a ditch in front of and then to the rear of plaintiff's home. The plaintiff apparently witnessed the digging of the ditch, as well as the filling of the ditch a few days later by an employee of the defendant. Several days after the ditch was allegedly filled, plaintiff was carrying out a basket of laundry to his backyard when he stepped into the ditch and sustained injuries for which he sued. Summary judgment was granted in favor of the defendant.

This case turns on the decision of the Supreme Court of Georgia in the case of *Ellington v. Tolar Const. Co.,* 237 Ga. 235 (227 SE2d 336). Justice Hall, speaking for the court, states: "The theory underlying a motion for summary judgment or a motion for directed verdict is substantially the same — that there is no genuine issue of material fact to be resolved by the jury, and that the movant is entitled to judgment on the law applicable to the established facts. Under either motion all inferences are drawn in favor of the nonmoving party."

Citing again from the *Ellington* case, supra, p. 237, "As a general proposition issues of negligence, contributory negligence and lack of ordinary care for one's own safety are not susceptible of summary adjudication either for or against the claimant, but should be resolved by trial in the ordinary manner. *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 260 (174 SE2d 178) (1970). The trial court can conclude as a matter of law that the facts do or do not show negligence on the part of the defendant or the plaintiff only where the evidence is plain, palpable

and undisputable. *Powell v. Berry,* 145 Ga. 696, 701 (89 SE 753) (1916). 'Even where there is no dispute as to the facts, it is however, usually for the jury to say whether the conduct in question met the standard of the reasonable man.' *Wakefield v. A. R. Winter Co.,* supra. See also *McCurry v. Bailey,* 224 Ga. 318 (162 SE2d 9) (1968); *Wynne v. Southern Bell Tel. Co.,* 159 Ga. 623 (126 SE2d 388) (1925)."

Defendant contends that plaintiff's injuries were caused solely and proximately by his own negligence in failing to watch where he was walking and failing to avoid stepping onto or into a freshly covered ditch which he knew was there. This contention, of course, introduces the question of contributory negligence. Again citing from the *Ellington* case, supra, p. 237, "Negligence is a neutral principle of law, and the standard must be equally applied whether it is the alleged negligence of a plaintiff or a defendant . . . Reasonable foresight does not require of a plaintiff or a defendant that he anticipate exactly what will happen and exercise perfect judgment to prevent injury. 'Not what actually happened, but what the reasonably prudent person would then have foreseen as likely to happen, is the key to the question of reasonableness.' "

On the defendant's contention that plaintiff lacked the proper care for his own safety, see the case of *Chotas v. J. P. Allen & Co.,* 113 Ga. App. 731, 733 (149 SE2d 527), which holds, " 'What is "a reasonable lookout" depends on all the circumstances at the time and place.' "

Therefore, we conclude that the issue of negligence as to both parties, if any existed, should not be dealt with by summary adjudication, but should be returned to the rightful province of trial by jury.

*Judgment reversed. Quillian, P. J., and Stolz, J., concur.*

SUBMITTED JANUARY 11, 1977 — DECIDED FEBRUARY 7, 1977.

*Jesse T. Edwards, Robert L. Cork,* for appellant. *Tillman, Brice, McTier, Coleman & Talley, John T.*

*McTier,* for appellee.