## 61464. FINDLEY v. McDANIEL.

SHULMAN, Presiding Judge.

Plaintiff suffered serious injury when the motorcycle he was driving collided with a Department of Transportation vehicle driven and parked by the defendant (an employee of the DOT) in the innermost left lane of Interstate 85 at a location just south of the intersection of I-85 and Ga. 316.

Plaintiff brings this appeal from the grant of defendant's motion for judgment notwithstanding a mistrial. We reverse.

1. We agree with plaintiff's assertion that the evidence did not warrant a judgment in defendant's favor as a matter of law.

The evidence presented at trial showed that defendant had been instructed to locate the DOT dump truck and its accompanying "Watch for Mowers" sign in a position to protect a mowing machine, which was cutting grass along I-85 approximately a mile north of the

location of the parked truck. Pursuant to his instructions, defendant stationed the dump truck in the left lane (more than halfway into the left lane) of three lanes of traffic. The defendant testified that he turned on a yellow flashing light that was affixed to the roof of the truck and that the light was operating at the time the collision occurred. There was, however, testimony from a witness who arrived at the scene shortly after the collision that the light was not visible because a sign affixed to the back of the truck obscured it.

Plaintiff testified that while proceeding north on I-85 he crested a hill (approximately 1200 to 1500 feet from the dump truck); that he saw no flashing yellow light; and that he did not see or realize that the truck was parked in the left lane at the base of the hill until he was about 200 feet behind the truck. (Plaintiff testified that when he crested the hill, he was proceeding in the middle lane and that he changed lanes to the left lane shortly thereafter in order to pass an automobile traveling in the middle lane.) When the danger became apparent to him, plaintiff attempted evasive action by trying to increase his speed and drive between the parked truck and a vehicle traveling in the adjacent lane at approximately the same speed, but his attempt was unsuccessful. Plaintiff collided with both the truck and the adjacent vehicle, finally landing on the pavement.

Defendant argues that judgment in his favor was demanded, in that it was clear and palpable from the evidence that plaintiff, through the exercise of ordinary care (by keeping a proper lookout ahead), could have avoided the consequences of any negligence attributed to the defendant. Defendant is thus contending that plaintiff's own negligence was equal to or greater than any act of negligence on the part of defendant, which would preclude, as a matter of law, plaintiff's recovery against defendant. See Code Ann. § 105-603.

It is this court's opinion that the facts of the instant case do not give rise to judgment in defendant's favor as a matter of law. See, e.g., *General Motors Corp. v. Davis,* 141 Ga. App. 495 (4) (233 SE2d 825); *Stern v. Wyatt,* 140 Ga. App. 704 (2) (231 SE2d 519). "A motion for a judgment notwithstanding a mistrial is analagous to a motion for a directed verdict or motion for judgment notwithstanding the verdict in that the same can be sustained only where '[t]here is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom shall demand a particular verdict.' Code Ann. § 81A-150 (a) . . . A judge cannot direct a verdict because he thinks the strength or weight of the evidence is on one side, or because he might grant a new trial if a verdict should be returned which he thinks is contrary to a preponderance of the evidence. (Cit.) 'No principle is more firmly established in American

jurisprudence than that the court cannot direct a verdict where there is any reasonable inference supported by evidence which would authorize a verdict to the contrary.' " *Gordon v. Carter,* 126 Ga. App. 343, 344 (190 SE2d 570).

The question of whether or not plaintiff failed to maintain a reasonable and proper lookout ahead which would have allegedly enabled him to avoid the consequences of defendant's negligence must be addressed by a jury. " 'What is "a reasonable lookout" depends on all the circumstances at the time and place.' " *Burnham v. Mize,* 141 Ga. App. 203, 204 (233 SE2d 49).

We conclude, therefore, as did this court in *Burnham* and in *Gordon,* that the issues of negligence should not be dealt with by summary adjudication but should be returned to the rightful province of the jury.

2. We cannot agree, however, with plaintiff's contentions of error premised upon the trial court's refusal to admit a manual purporting to give the minimum standards of safety to be employed on federal highways. Since plaintiff made no showing that the manual sets forth mandatory standards for employees of the Georgia Department of Transportation (e.g., defendant McDaniel), the trial court properly concluded that the manual was not relevant to any issue being tried.

3. The trial court's refusal to submit the issue of negligence per se to the jury was error. Although it is true that merely parking the truck on the highway was not necessarily negligence per se since there is a conditional right to do so in Code Ann. § 68A-406 (b), there was evidence that the defendant did not meet the conditions which would insulate him from liability. Specifically, there was testimony that the amber flashing light defendant swore was operating was totally obscured by a sign on the back of the truck. That evidence creates a question of fact as to whether defendant was entitled to park where and as he did without being in violation of this state's traffic laws. That question should have been submitted to the jury.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

DECIDED MAY 4, 1981.

*Joel M. Merren, Jack Kleiner, Bernard M. Gerber,* for appellant.
*Robert Hayes, M. Cook Barwick, Edwin A. Tate,* for appellee.