## 73963. LEAVELL v. BENTLEY.
## 73964. LEAVELL v. DYER.
### (358 SE2d 907)

BENHAM, Judge.

Appellant was injured in a collision between two vehicles. She was a passenger in a truck driven by Dyer which was hit from behind by a vehicle driven by Bentley. She sued them both. At trial appellant's evidence with regard to liability consisted of her own testimony and that of Dyer and Bentley on cross-examination. Appellant testified that Dyer was taking her home from a party sometime between 2:00 and 3:00 a.m. on the date of her injury when his truck stalled; that he pulled the truck completely off the roadway and, after attempting to restart the truck, went for help; that the road was wet from rain which had fallen earlier; that there was enough fog to require use of windshield wipers to remove condensation; that Dyer returned with a friend who parked his truck facing Dyer's, then used booster cables and the friend's truck to start the stalled truck; that Dyer immediately turned on his headlights and emergency flasher, then got out of the truck; and that the lights had been on for 10 seconds when Bentley ran off the road and collided with the truck in which she was sitting. Dyer testified to essentially the same facts, including the location of his truck completely off the roadway, the fact that his lights were on prior to the collision, and the fact that Bentley left the roadway prior to the collision. Bentley testified that the fog was so heavy that his visibility was limited to 30-40 feet; that he was driving at 45 m.p.h.; and that when he first saw Dyer's truck, it was about three or four car lengths away.

After putting up that evidence on the issue of liability, appellant introduced evidence concerning damages, then rested. Both defendants moved for a directed verdict. The trial court granted Dyer's motion, ruling that there was no evidence of negligence, but denied Bentley's.

The evidence offered by Bentley in defense was his own testimony and that of the police officer who investigated the collision. Bentley testified that he had been blinded by the lights of an oncoming car and that when it had passed, he saw Dyer's truck sitting in the roadway without any lights; that he did not have time to stop, but tried to avoid the collision by swerving to his left; that the right front of his vehicle struck Dyer's truck; that he did not leave the roadway; and that he had consumed four beers between 8:00 p.m. and midnight. The police officer, who was permitted to testify as an expert, testified that Dyer's truck was in the roadway when struck; that Bentley's vehicle struck the left rear of Dyer's truck; and that Bentley's speed of 45 m.p.h. was a reasonable speed for the road and weather conditions and did not contribute to causing the collision. Following Bentley's presentation of evidence, he moved once again for a directed verdict, successfully that time.

The appeal in Case No. 73963 is from the judgment in favor of Bentley, while Case No. 73964 is an appeal from the judgment in favor of Dyer.

1. "OCGA § 9-11-50 (a) . . . provides in pertinent part that '(i)f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed.' In determining whether any conflict in the evidence exists, the court must construe the evidence most favorably to the party opposing the motion for directed verdict. [Cit.] The standard used to review the grant or denial of a directed verdict is the 'any evidence' test. [Cit.]" *Skelton v. Skelton*, 251 Ga. 631 (4) (308 SE2d 838) (1983).

Applying that standard to the direction of a verdict for Dyer, we find no error in the trial court's ruling. As the trial judge noted, there was simply no evidence of negligence on Dyer's part at the time he was granted a directed verdict. Appellant and Dyer had both testified that Dyer's truck was parked off the roadway and that his emergency flashers were operating prior to the collision. Although appellant asserts 5 enumerated errors in Case No. 73963, they all concern the direction of a verdict for Dyer; they just assert different reasons why the direction was error. However, none of the asserted errors has merit in light of the complete lack of evidence showing negligence on Dyer's part.

2. In the course of argument on Bentley's motion for directed verdict, the issues resolved themselves to two questions: Was there any evidence that Bentley's speed was unreasonable for the conditions prevailing; and was there any evidence that Bentley's vehicle left the road before striking Dyer's truck. As to the first question, the trial court took the position that the police officer's opinion that Bentley's speed was reasonable destroyed any inference of negligence

with regard to speed and placed on appellant the burden of producing positive evidence that Bentley's speed was unreasonable. We find that position untenable. "[T]he court cannot direct a verdict where there is any reasonable inference supported by evidence which would authorize a verdict to the contrary. [Cit.]" *Findley v. McDaniel*, 158 Ga. App. 445, 447 (1) (280 SE2d 858) (1981). Whether a given speed was reasonable under the particular circumstances of a case is normally a question for a jury. See *Ellison v. Robinson*, 96 Ga. App. 882 (2) (101 SE2d 902) (1958). "There is no requirement that expert testimony must be produced by a plaintiff to a negligence action in order to prevail at trial. The weight given to expert testimony in such cases is for the trier of fact who is not required to give it controlling influence." *Self v. Exec. Committee of Ga. Baptist &c.*, 245 Ga. 548, 549 (266 SE2d 168) (1980). Since the police officer's testimony was not controlling and the question of whether Bentley's speed was reasonable was one for the jury, the trial court's grant of a directed verdict on that ground is not sustainable.

The trial court's decision on the second issue appears to be the result of a failure on the part of the trial court to recall the evidence accurately. He ruled that there was no evidence which was in conflict with Bentley's testimony on direct examination that he never left the road. As noted above, both appellant and Dyer testified that Dyer's truck was completely off the roadway and that Bentley's vehicle left the road before striking Dyer's truck. That evidence was sufficient to raise an inference that Bentley was negligent and that his negligence caused the collision. It was, therefore, error to direct a verdict for Bentley on that ground as well. *Findley v. McDaniel*, supra. It follows that the judgment in favor of Bentley must be reversed.

*Judgment affirmed in Case No. 73964. Judgment reversed in Case No. 73963. Banke, P. J., and Carley, J., concur.*

DECIDED JUNE 18, 1987.

*Daniel T. Donohue, Craig D. Miller*, for appellant.
*Barry S. Mittenthal, Russell Waldon*, for appellees.