## A89A2089, A89A2090. TURNER OUTDOOR ADVERTISING, LTD. v. WERCO, INC.; and vice versa.

(389 SE2d 778)

DEEN, Presiding Judge.

In December 1986 Werco, Inc. (Werco), appellee in Case No. A89A2089 and appellant in Case No. A89A2090, signed a contract for billboard advertising with Turner Outdoor Advertising, Ltd. (Turner), appellant in Case No. A89A2089 and appellee in Case No. A89A2090. Because Werco considered its best season to be the colder months, it desired that Turner begin posting the billboards on January 5, 1987, in locations concerning which there subsequently developed a dispute. At Werco's request the date was moved to January 25, partially because the art work was not ready. There was conflicting testimony as to who was to provide the art work and whether or not the art work eventually used was ever approved by Werco; the contract is silent as to the art that was to be used. In late January a Werco official informed Turner that he was not ready to proceed with the advertising and that he wished to cancel the contract and enter into a new one later in the year. Turner objected to the proposal to cancel the contract and ultimately posted the billboards in June of 1987, allegedly without prior notice to Werco as to locations and date. Werco refused to pay the invoices rendered by Turner, and Turner filed suit for the $10,000 principal sum stated in the contract, plus interest and attorney fees. Werco answered, denying all allegations and reserving the right to amend its answer and to file a *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986), counterclaim.

A Fulton County jury found for Turner and awarded "5,000, 1/2 Contract amt., $2914.52 Interest on $10,000 for term of Contract, $1937.18. Attorney fees." — or a total of $9,851.70. Both parties moved for judgment notwithstanding the verdict, Turner contending, in addition to its substantive allegations, that Werco's motion for j.n.o.v. was invalid because Werco, unlike Turner, had not moved for directed verdict at trial. The trial court denied the cross-motions without comment upon Turner's contentions regarding the validity of Werco's motion. Turner appealed, enumerating as error the trial court's denial of its motion for j.n.o.v. Werco cross-appealed, enumerating, in addition to the denial of its motion for j.n.o.v., the general grounds; the court's admitting certain allegedly improper evidence and excluding certain allegedly proper evidence; and the court's omitting certain jury instructions and making incorrect statements when giving others. *Held*:

1. There is undisputed evidence that Turner posted the number of billboards prescribed in the written contract for the specified period of time and therefore fully performed under the contract's terms. According to the record before us, allegations by Werco having to do

with choice of locations and times, art work, etc., concerning which the contract is silent, apparently could be supported only by parol evidence or other inadmissible evidence which Werco sought to introduce.

It is clear from the record that there was sufficient competent evidence adduced concerning the parties' intentions in entering into the contract, and the events that preceded and followed, to authorize the finder of fact to reach the verdict that it reached. Moreover, construction of the contract is for the court, and we are persuaded that, contrary to Werco's contention, the contract was entire rather than severable, OCGA § 13-1-8 (a), (b). We view the evidence, despite the multitude of disputed side issues, as sufficient to have demanded that the trial court find as a matter of law that Turner had fully performed and was therefore entitled to judgment n.o.v., based on its prior motion for directed verdict at the close of the evidence. See, e.g., *Carlton v. Moultrie Banking Co.*, 170 Ga. 185 (152 SE 215) (1930); *Williams v. Claussen-Lawrence Constr. Co.*, 120 Ga. App. 190 (169 SE2d 692) (1969). Turner is therefore due the entire contract price of $10,000 as well as interest and attorney fees based on that amount.

2. The errors enumerated in Case No. A89A2090 either are without merit or are rendered moot by our decision in the companion case.

*Judgment reversed in Case No. A89A2089; appeal dismissed in Case No. A89A2090. Birdsong and Benham, JJ., concur.*

DECIDED DECEMBER 1, 1989 —
REHEARING DENIED DECEMBER 15, 1989 —

*Schreeder, Wheeler & Flint, Timothy C. Batten*, for appellant.
*David C. Farshy*, for appellee.