S90G0719. ATLANTA OBSTETRICS & GYNECOLOGY GROUP, P. A. v. COLEMAN et al.

(398 SE2d 16)

CLARKE, Chief Justice.

Ms. Coleman brought this medical malpractice action to recover for injuries she suffered from a stroke following an abortion. The jury returned a verdict against two of Ms. Coleman's doctors. The trial court granted a judgment notwithstanding the verdict in favor of one of the doctors, Dr. Hutchinson, finding the record devoid of evidence that his conduct was the proximate cause of Ms. Coleman's injuries. The Court of Appeals reversed, finding that Dr. Hutchinson's negligence initiated the chain of events that resulted in the injury. *Coleman v. Atlanta Obstetrics &c. Group*, 194 Ga. App. 508 (390 SE2d 856) (1990). We granted certiorari to consider the Court of Appeals opinion in light of *McAuley v. Wills*, 251 Ga. 3 (303 SE2d 258) (1983), where we held that a specified act of negligence was too remote as a matter of law to constitute proximate cause.

To recover damages in a tort action, a plaintiff must prove that the defendant's negligence was both the "cause in fact" and the "proximate cause" of the injury. The requirement of proximate cause constitutes a limit on legal liability; it is a "policy decision . . . that, for a variety of reasons, e.g., intervening act, the defendant's conduct and the plaintiff's injury are too remote for the law to countenance recovery." *McAuley*, supra at 7. Although many legal scholars have attempted to lay down a single standard to determine proximate causation, see generally Prosser & Keeton on Torts, 5th ed., § 42 at pp. 276-279 (1984), no satisfactory universal formula has emerged. Instead, proximate cause

> ". . . is always to be determined on the facts of each case upon mixed considerations of logic, common sense, justice, policy and precedent. . . . The best use that can be made of the authorities on proximate cause is merely to furnish illustrations of situations which judicious men upon careful con-

sideration have adjudged to be on one side of the line or the other." Foundations of Legal Liability, Vol. 1, p. 110 (1906). *McAuley*, supra at p. 9 (Weltner, J., dissenting).

Thus, whether proximate cause exists in a given case is a mixed question of law and fact. It requires both factfinding in the "what happened" sense, and an evaluation of whether the facts measure up to the legal standard set by precedent. Ordinarily, both determinations are most appropriately made by a jury upon appropriate instructions from the judge. *McAuley*, supra. The decision may be made by the trial judge or appellate court only if reasonable persons could not differ as to both the relevant facts and the evaluative application of legal standards (such as the legal concept of "foreseeability") to the facts. In other words, "[a]lthough what amounts to proximate cause is undeniably a jury question, it will be determined by the court as a matter of law in plain and undisputed cases. [Cits.]" *McAuley*, supra at 7.

The case presently before the court is simply not a "plain and undisputed" case. The record is replete with factual disputes regarding both the cause in fact and the legal inferences to be drawn from those facts.[1] There is a great deal of evidence in the record that might suggest that Dr. Hutchinson's treatment was not a cause in fact or that other causes preponderated to cause Ms. Coleman's injuries. However, in reviewing a judgment notwithstanding the verdict, an appellate court must view the evidence in the light most favorable to the party who secured the jury verdict. *Pendley v. Pendley*, 251 Ga. 30 (302 SE2d 554) (1983). A judgment notwithstanding the verdict may not be granted because the strength or weight of the evidence is on one side. *Findley v. McDaniel*, 158 Ga. App. 445 (280 SE2d 858) (1981).

After reviewing the record, we conclude that the jury in this case was authorized to conclude that Dr. Hutchinson should reasonably have known that a woman who was trying to become pregnant might already be pregnant. He was negligent in administering a hormone shot to a pregnant woman. This negligence directly caused Ms. Coleman to undergo an abortion procedure that would otherwise have been unnecessary. Further, the evidence authorized the jury to conclude that the events that followed the first abortion procedure were unusual, but entirely foreseeable complications that are attendant to that medical procedure.

This case, in its simplest terms, involves foreseeable complications relating to abortion procedures that would not have been neces-

---

[1] A summary of the facts can be found in *Coleman v. Atlanta Obstetrics &c. Group*, supra.

sary if not for Dr. Hutchinson's negligent administration of a hormone shot. The record is not devoid of evidence that Dr. Hutchinson's negligence was the proximate cause of Ms. Coleman's injuries. The jury's verdict must be restored.

*Judgment affirmed. All the Justices concur, except Smith, P. J., Weltner and Bell, JJ., who concur specially.*

WELTNER, Justice, concurring specially.
In this case, the Court of Appeals held:

[T]he intervening causes which contributed to the injury were not unrelated to the act of Dr. Hutchinson but were reasonably required for medical treatment of Dr. Hutchinson's unskillful treatment, and, in turn, reasonably required for the unskillful treatment rendered in response to Dr. Hutchinson's treatment. [Id. at 511.]

We granted certiorari to consider the Court of Appeals opinion in the light of *McAuley v. Wills*, 251 Ga. 3 (303 SE2d 258) (1983), where we held that a specified act of negligence was too "remote," as a matter of law, to constitute "proximate cause" and that there could be no recovery.[2]

## *The Existing Law*

1. The following propositions are significant to the resolution of this case:

(a) Causation, or cause "in fact," is the determination that the defendant's acts *caused* a claimed injury. Causation is of necessity a factual inquiry.

(b) Causation differs from that which we have called "proximate cause," "foreseeability" and "remoteness." In practical terms, these words form the basis for a policy determination relative to the permissibility of recovery.[3]

---

[2] To hold that an intervening act was not reasonably foreseeable at the time of the defendant's negligent conduct is to say that the defendant's negligence was not the proximate cause of the plaintiff's injury. [Cit.] Although what amounts to proximate cause is undeniably a jury question, it will be determined by the court as a matter of law in plain and undisputed cases. . . . [Id. at 7.]

[3] At present, the pattern charges (1 Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, 286, 290 (2d ed. 1984)) provide:

*Proximate Cause; Definition*

Proximate cause is that which, in the natural and continuous sequence, unbroken by other causes, produces an event, and without which the event would not have occurred. Proximate cause is that which is nearest in the order of responsible causes, as distinguished from remote; that which stands last in causation, not necessarily in

[A] holding that a defendant's conduct is not the proximate cause of the plaintiff's injury does not constitute a determination that the defendant's conduct is not a cause in fact of the plaintiff's injury, but rather is in the nature of a policy decision by the court that, for a variety of reasons, e.g., intervening act, the defendant's conduct and the plaintiff's injury are too remote for the law to countenance a recovery. As pointed out by Professor Prosser in his treatise, the proximate-cause rubric has been used as another way of saying, among other things, that the defendant was under no duty to protect the plaintiff from the injury which in fact occurred. [Cit.] [*McAuley*, supra at 7.]

(c) Under the present rule, "proximate cause" must be determined by a jury "except in plain and undisputed cases."[4]

### The Problem

2. There were two dissents in *McAuley*, which, along with the majority opinion, recognized the inherent difficulty of appellate review of such subjective concepts as "remoteness," "proximate," and "foreseeability." That this is nothing new is seen from several expressions of our appellate courts.[5] The circumlocutions of an earlier day

---

time or place, but in causal relation. It is sometimes called the dominant cause.

*Foreseeability, Natural and Probable Consequence, Intervening Cause Rules (Chain Reaction Situation)*

A defendant may be held liable for an injury where he commits a negligent act which puts other forces in motion or operation, which results in the injury; when such other forces are the natural and probable result of the act which the defendant committed and which reasonably should have been foreseen by the defendant. However, when the injuries could not reasonably have been foreseen as the natural, reasonable and probable result of the original negligent act, then there can be no recovery. In other words, if the chain reaction which resulted from the defendant's alleged negligence, if any, meets the above tests, then the plaintiff could recover; otherwise he could not.

The second and third sentences of the charge on proximate cause are devoid of content and may be erroneous in that they speak of "remote" being a type of "causation." (In reality, "remote" traditionally has been the legal conclusion that there shall be no recovery.)

[4] See, e.g., *Callaway v. Pickard*, 68 Ga. App. 637 (23 SE2d 564) (1942):

[W]hat amounts to negligence, contributory or comparative negligence, proximate cause, etc., are ordinarily questions for the jury under appropriate instructions, and such questions will not be determined by the court as a matter of law except in plain and undisputed cases. [Id. at 641.]

[5] To entitle a party to recover damages . . . it should appear that the damages were the natural and proximate cause of the injury, for should it appear that but for the intervention of a responsible third party, the defendant's negligence would not have caused damage to the plaintiff, then, the defendant is not liable to the plaintiff, for the reason that the causal

concerning "proximate cause" are with us still, reinforcing Chief Judge (later Chief Justice) Russell's observations of 77 years ago:

> A court can no more determine upon an issue as to what particular act or circumstance was the proximate cause of an alleged injury than it can determine that the same particular act was an act of negligence. [*White v. Seaboard Air-Line Railway*, 14 Ga. App. 139 (80 SE 667) (1913).]

### A Solution

3. We are not, however, forever bound to the confabulations and confusions of the past. Instead, we need to make proper allocations of functions between court and jury.

(a) We should recognize that the requisite connecting link between negligence and damages — what we have called "proximate cause" — is an issue exclusively of *fact*.[6]

(b) In considering the existence vel non of "causation," the jury

---

connection between the negligence and damage is broken by the interposition of an independent, responsible human action." Field on Damages, [cit.]. [*Perry v. Central Railroad*, 66 Ga. 746, 751 (1881).]

> There seems to be no absolutely consistent rule to guide us in determining [proximate cause], and each case has been made by the courts to largely depend upon its own facts. The most generally accepted theory of causation, however, is that of natural and probable consequences. . . . If damages are traceable to an act of negligence, but are not its legal or material consequence, or if other and contingent circumstances preponderate largely in causing the injurious effect, such damages are too remote and contingent to be the basis of a recovery. . . . "The negligence complained of must be the main, controlling, and preponderating cause, ascertained and distinguished from other causes, in order to be the subject of a recovery." [Cits.] [*Mayor &c. of Macon v. Dykes*, 103 Ga. 847, 848-9 (31 SE 443) (1898).]

Particularly troublesome is this excerpt:

> " The proximate cause is the dominant cause, not the one which is incidental to that cause, its mere instrument, though the latter may be nearest in place and time to the loss. . . . The proximate cause is the efficient cause, the one that necessarily sets the other causes in operation." Words & Phrases, [cit.] [*Eberhart v. Seaboard Air-Line R. Co.*, 34 Ga. App. 49, 54-5 (129 SE 2) (1925).]

[6] One of the dissents in *McAuley v. Wills*, above, argued as follows:

> Perhaps by resorting to another discipline we can more clearly see the *factum* from which all of our theories pend. Newtonian physics contains a definition of inertia, as follows: "The property of matter by which it will remain at rest, or in uniform motion in the same straight line or direction unless acted upon by some external force." [Cit.] Transposing this definition into the realm of law . . ., "external force" is causation, and "at rest" is *status quo ante*. When an external force acts upon an object (whether real or incorporeal) so as in any way to alter any of its qualities, that external force is the causation of the resultant alteration. An example of immediate causation is the external force of fist striking cheek, and the resultant alteration of tissue into a black eye. An example of less immediate causation is the discharge of firecrackers, upsetting a scale which strikes poor Mrs. Palsgraf. [Id. at 8.]

should determine whether negligence of a defendant was a *cause* — as a matter of *fact* — of damages to the plaintiff. If it finds causation, the jury then will determine whether or not to allow recovery; or whether, because of factors that in the past we have called a want of "foreseeability," or "remoteness," it will deny recovery.

(c) Stated differently, "remoteness," "proximate cause," and "foreseeability" should be the factual concerns of a jury, and not the legal concerns of the court.

4. (a) As findings of fact, these determinations are properly within the exclusive province of the jury, and should not be reviewed as a matter of law, except as set out below.

(b) Appellate courts should review a finding of "causation" only to assure that it is supported by evidence, and that the trial court properly charged the jury concerning the jury's responsibilities. A court should not substitute its judgment for that of the jury as to "remoteness," "proximate cause," and "foreseeability." *McAuley v. Wills*, supra, and our other authorities that are inconsistent with this holding should be disapproved.

### Disposition of this Case

5. (a) The trial court granted judgment n.o.v., holding that there was insufficient evidence that the defendant's conduct was the *proximate cause* of the plaintiff's injuries. It reasoned: "At most, the Plaintiff proved that the Defendant's conduct was a remote cause of her injuries, which does not satisfy the Plaintiff's burden of proving proximate causation." The Court of Appeals reinstated the jury's verdict.

(b) Because the evidence supported the jury's determination of causation, and the jury was instructed adequately by the trial court, the verdict was proper, and the judgment of the Court of Appeals should be affirmed.

I am authorized to state that Presiding Justice Smith and Justice Bell join in this special concurrence.

DECIDED NOVEMBER 29, 1990.

*Love & Willingham, Daryll Love, Robert P. Monyak*, for appellant.

*Wood & Grant, Wayne Grant, L. Lin Wood, Jr., Gambrell, Clarke, Anderson & Stolz, Irwin W. Stolz, Jr., Seaton D. Purdom, Williams & Henry, Benjamin S. Williams*, for appellees.

*Alston & Bird, G. Conley Ingram, Dow N. Kirkpatrick II, Richard L. Greene*, amici curiae.