A90A2010. STANOIU v. REYES et al.
(402 SE2d 526)

SOGNIER, Chief Judge.
Fermin Reyes, individually and as administrator of the estate of his deceased wife, Barbara Eve Reyes, brought suit against Adrian Stanoiu seeking damages arising from the death of Barbara Reyes at Lake Lanier shortly after a jet ski driven by Stanoiu passed close to the Reyeses, who were swimming in the lake. The jury returned a verdict in favor of Reyes, and Stanoiu appeals.

Construed to support the verdict, the evidence adduced at trial showed that appellee and the decedent were spending the day at Lake Lanier. Appellant, who was riding a jet ski, left the swimming area after he was warned by appellee not to use it around swimmers. A short time later, however, appellee and the decedent were in the swimming area, with two inflatable rafts, when appellant again appeared on the jet ski, traveling at a high rate of speed. Appellee repositioned his raft in front of the decedent's to place himself between his wife and the skier, but appellant veered sharply and, without touching appellee or his wife, passed directly between the adjacent rafts held by appellee and the decedent and headed for shore. Appellee then jumped off his raft and took off after appellant. When appel-

lee reached the beach, he heard his wife call out that she was dizzy, and observed her struggling. When she finally reached shore, she collapsed in his arms and went limp. Although appellee and a bystander attempted to resuscitate her and an ambulance was called, she was dead upon arrival at Buford General Hospital. Appellee testified that the decedent had been hospitalized several years before for angina, but had recovered fully and had returned to work without restriction over a year before the incident. Appellee was the only witness for the plaintiff, and no medical testimony was presented to show a cause of injury or death.

1. Appellant contends the trial court erred by denying his motions for a directed verdict and for judgment notwithstanding the verdict because appellee failed to carry his burden of proving that the decedent's death was caused by any act of appellant. We agree and reverse.

It is fundamental that "[t]he burden of proof generally lies upon the party who is asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential." OCGA § 24-4-1. "To recover damages in a tort action, a plaintiff must prove that the defendant's negligence was both the 'cause in fact' and the 'proximate cause' of the injury." *Atlanta Obstetrics &c. Group v. Coleman*, 260 Ga. 569 (398 SE2d 16) (1990). In the instant case appellee alleged that the decedent died after having been literally "frightened to death" by appellant. Appellee adduced no evidence that appellant acted with deliberate and malicious intention to injure the decedent. Consequently, it was essential for him to prove that the injury was the natural and proximate result of the fright or shock caused by appellant's act; that such a result was foreseeable; and that appellant's act "was one of such gross carelessness, coupled with a knowledge of the probable physical results as amount to wilful disregard of the consequences." *Towler v. Jackson*, 111 Ga. App. 8, 9 (140 SE2d 295) (1965). However, no evidence of the cause of death was introduced, and thus the jury was left to speculate whether the death was the result of fright and shock, an essential element of the cause of action. "It is a basic and fundamental part of the philosophy of our jurisprudence that no award, verdict, or decree should rest upon 'speculation, which is no more than imagination.' [Cit.]" *Young Men's Christian Assn. v. Bailey*, 112 Ga. App. 684, 705 (146 SE2d 324) (1965).

Although questions of causation are usually for the jury, they will be determined by the court as a matter of law in plain and undisputed cases. *Coleman*, supra at 570. We find this to be just such a case because of the failure of appellee to prove an essential element of his claim. Accordingly, we reverse the trial court's denial of appellant's motions. See generally *Turner Outdoor Advertising, Ltd. v. Werco, Inc.*, 194 Ga. App. 14, 15 (1) (389 SE2d 778) (1989).

2. Our holding in Division 1 renders unnecessary review of appellant's remaining enumerations.

*Judgment reversed. McMurray, P. J., concurs. Carley, J., concurs specially.*

CARLEY, Judge, concurring specially.

I am constrained to concur with the judgment reversing the trial court's denial of appellant's motions for directed verdict and for judgment notwithstanding the verdict. However, I cannot agree with all that is said in the majority opinion. In my view, the critical evidentiary deficiency in this case is the absence of any evidence as to the *immediate* cause of death of appellee's wife. In other words, there was no evidence as to whether the immediate cause of death was a heart attack, stroke or other cause. If there had been any evidence as to the immediate cause of death, I believe we would be faced with a different situation. See *Usry v. Small*, 103 Ga. App. 144 (118 SE2d 719) (1961).

DECIDED FEBRUARY 5, 1991 —
REHEARING DENIED FEBRUARY 25, 1991.

*Kessler & Sparks, Michael A. Kessler*, for appellant.
*Russell, Adamson & Stell, John E. Stell, Jr.*, for appellees.