## 47529. VAN KEUREN v. LOOMIS et al.

PANNELL, Judge. In an action in the Superior Court of DeKalb County against alleged joint tortfeasors, a motion to strike certain portions of the petition was made by the appellant-defendant. On December 30, 1971, at a hearing had thereon, the trial judge ordered certain portions of the petition stricken and deleted by plaintiff recasting his petition, and further ordered "the plaintiff is hereby allowed 15 days from this date to recast his petition as ordered, and in default, thereof, the plaintiff's complaint will stand dismissed as to the defendant, Floyd D. Van Keuren." On May 5, 1972, plaintiff filed an amendment to his complaint together with a motion for reconsideration of, and a revocation of, and interpretation of, the order of December 30, 1971, and for allowance of his amendment. At the hearing on this motion, it appeared that the trial judge had inadvertently ordered the petition dismissed when he intended to strike only the portions attacked by the motion to strike, *and he, for this reason,* sustained the motion and allowed the amendment to the petition. (Tr. pp. 6, 7, 8, 13, 22, 24, 27 and 28.) The appellant entered his appeal from this order.

1. A trial judge may amend or correct an order inadvertently entered. *Phillips v. Wait,* 105 Ga. 848 (2) (32 SE 647). It has long been the rule that a court has plenary control of its judgments, orders, and decrees during the term at which they are rendered, and may amend, correct, modify, or supplement them, for cause appearing, or may, to promote justice, revise, supersede, revoke, or vacate them as may in its discretion seem necessary. *McCandless v. Conley,* 115 Ga. 48, 50, 51 (41 SE 256). While this power was, at the time of these decisions exercisable only during the term at which entered, Section 6 (c) of the Civil

Practice Act enacted in 1966 (Ga. L. 1966, pp. 609, 617; Code Ann. § 81A-106 (c)) provides: "The period of time provided for the doing of any act or the taking of any proceeding is not affected or limited by the continued existence or expiration of a term of court, except as otherwise specifically provided by law. The continued existence or expiration of a term of court in no way affects the power of a court to do any act or take any proceeding in any civil action which has been pending before it, except as otherwise specifically provided by law." The trial judge here, therefore, in the absence of a final judgment in the case, had the power to correct an inadvertent error in the drafting of the order dismissing one of the parties defendant and this he could have done on his own motion. Code § 81-1202. It is immaterial, therefore, that he may have been in error in granting the motion to set aside the judgment of dismissal (*Golden Star, Inc. v. Broyles Ins. Agency,* 118 Ga. App. 95, 96 (162 SE2d 756); *Jordan v. Plott,* 121 Ga. App. 727 (1) (175 SE2d 148); *Northern Freight Lines v. Fireman's Fund Ins. Companies,* 121 Ga. App. 786 (175 SE2d 104); *Paine v. Lowndes County Bd. of Tax Assessors,* 124 Ga. App. 233 (183 SE2d 474)) or may have been in error in "construing" the order as one striking a portion of the petition rather than dismissing the same, although we do not so hold. And, assuming error in this respect, we will not reverse for the purpose of remanding the case to the trial judge to do again in another manner that which in effect he has already done. A reversal for this reason would be of no benefit to the appellant. *Titshaw v. Carnes,* 115 Ga. App. 216 (154 SE2d 302); *Wright v. Savannah Transit Authority,* 110 Ga. App. 710 (140 SE2d 149); *Kelton v. John,* 220 Ga. 272 (138 SE2d 316); *Benton & Brother v. Singleton,* 114 Ga. 548 (4) (40 SE 811); *Baird v. City of Atlanta,* 131 Ga. 451 (1) (62 SE 525).

2. There was no abuse of discretion in allowing the

amendment to the petition.

*Judgment affirmed. Hall, P. J., and Quillian, J., concur.*
ARGUED SEPTEMBER 12, 1972—DECIDED JANUARY 22, 1973—
REHEARING DENIED FEBRUARY 8, 1973.

*Dunaway, Shelfer, Haas & Newberry, William S. Shelfer, Sr., William S. Shelfer, Jr.,* for appellant.

*Neely, Freeman & Hawkins, Edgar A. Neely, Jr.,* for appellees.