## 52203. HUNT v. HOUSEHOLD FINANCE CORPORATION.

DEEN, Presiding Judge.

Household Finance sued Anne Hunt for $1,273.95 as the balance due on a promissory note in the total amount of $1,944 including interest and charges, which was executed in and governed by South Carolina law. Hunt answered and counterclaimed on the basis that the note was usurious and she "is entitled to all penalties as to a usurious transaction, together with punitive damages, attorney fees and costs." On January 9, 1976, plaintiff (apparently after receiving a compromise settlement from the defendant) dismissed the complaint with prejudice. On February 9, however, it was on the calendar and sounded for trial. Defendant and her counsel were present and when the court inquired as to the plaintiff's whereabouts he learned of the order of dismissal. He then signed what he took to be a consent judgment handwritten and presented to him by defendant's counsel, without evidence, and on such counsel's assurance to the court that the plaintiff was aware of the proposed action. This judgment which was never entered on the docket of the clerk of court, was for the recovery of $1,944 by the defendant against the plaintiff. At the conclusion of the day's court the trial judge, as stated in his certificate accompanying the final order, had the attorney for the plaintiff contacted, learned that no such consent

judgment had been agreed to, vacated his prior order and, on February 11 entered a new order finding against the plea of usury and entering a general judgment against the defendant on her counterclaim. *Held:*

1. The motion to dismiss the appeal is denied.

2. In view of the court's certificate that defendant neither offered nor presented any evidence, the enumeration of error complaining of exclusion of "expert testimony" as to the law of South Carolina is without merit. This is particularly true in view of the facts (a) that the note is not on its face usurious, and (b) the affidavit of the expert fails to state that the court refused to allow him to present any testimony which he might have been prepared to give.

3. Under no view of the pleadings could a judgment against the *plaintiff* in the sum of $1,944 have been sustainable. The enumeration of error here contends that the trial court erred in setting aside the order of February 9, but under the circumstances the action was the only course open to him. "[E]rrors [in judgments] arising from oversight or omission may be corrected by the court at any time." Code Ann. § 81A-160 (g). There appears to be some doubt as to the extent of the application of this Code section, however, in view of the statement in *Smith v. Smith,* 230 Ga. 238, 240 (196 SE2d 437) that "it is ordinarily to be used where the clerical error or omission is obvious on the face of the record." In that case there was a mutual mistake admitted by both parties. In *Van Keuren v. Loomis,* 128 Ga. App. 136 (1) (195 SE2d 776) the court, having inadvertently struck the entire petition when his intention was only to dismiss one of the parties defendant, later amended the order to so read. This court held: "And, assuming error in this respect, we will not reverse for the purpose of remanding the case to the trial judge to do again in another manner that which in effect he has already done. A reversal for this reason would be of no benefit to the appellant." The court's original order in the present case, entered either by misconception or as the result of a misrepresentation, was properly vacated. No evidence having been presented, no other judgment is possible than a general finding against the cross bill.

*Judgment affirmed. Quillian and Webb, JJ., concur.*

ARGUED MAY 5, 1976 — DECIDED MAY 19, 1976.

*E. Graydon Shuford,* for appellant.
*Harris Bullock,* for appellee.