## 53746. VERHEY v. COOK et al.

Shulman, Judge.

Appellee brought this action to collect legal fees earned by its transferor. There being no question as to the correctness of the account, the sole issue before the lower court was whether appellant, in retaining appellee's transferor, acted in a personal or corporate capacity. Appellee's transferor's knowledge of the existence of the corporation is uncontroverted. The trial judge, sitting without a jury, found that, notwithstanding knowledge of the corporation's existence, appellee's transferor extended credit to appellant personally, not to the corporation.

1. "Where the agency is known, and the credit is not expressly given to the agent, he shall not be personally responsible upon the contract. The question to whom the credit is given is a question of fact to be decided by the jury under the circumstances in each case." Code Ann. § 4-406. Obviously, the converse of this rule is equally valid: Where the agency is known, but the credit is expressly given to the agent, he shall be personally responsible.

2. "The trial judge, sitting without a jury, makes determinations of fact and his verdict will not be overturned if there is any evidence to support it. [Cits.]" *Benefield v. Elder Bldg. Supply,* 132 Ga. App. 195, 198 (207 SE2d 678). Appellee's witness testified unequivocally that he accepted employment from appellant and not from his corporation. He further testified, without specific contradiction, that appellant admitted the debt during a telephone conversation. Statements of the account were addressed by name to appellant at his business and at his residence. We cannot say there was not "any evidence" to support the verdict.

3. Appellant's enumeration of error complaining of the trial court's denial of his motion to dismiss at the close of appellee's evidence is not supported by argument or citation of authority. Under the rules of this court, the enumeration is deemed abandoned. Rule 18(c)(2); Code Ann. § 24-3618(c)(2).

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

Submitted April 12, 1977 — Decided May 12, 1977.

*Harris & Martin, James F. Martin,* for appellant.
*Curtis M. Cook, Richard T. de Mayo,* for appellees.