## 60774. ASSAF v. COKER.
## 60775. CLAYTON CHICAGO OPTIONS COMPANY v. COKER.

BIRDSONG, Judge.

This is a contract case tried before a jury. Appellee's (plaintiff John A. Coker III) case was tried on the breach of two agreements (one oral and one in writing) that he entered into with appellant (defendant Joseph Assaf).

On June 21, 1977, Mr. Coker was a commodity broker at the Atlanta office of the Clayton Brokerage Co. of St. Louis, and Mr. Assaf was an options broker at the Atlanta office of the appellant Clayton Chicago Options Company ("CCOC"). CCOC was then a subsidiary of Clayton Brokerage Co. of St. Louis and the Atlanta offices of both companies were situated at the same location. Mr. Coker's and Mr. Assaf's private offices were immediately adjacent to each other.

Although the evidence is in conflict, the jury was entitled to find the following:

On June 21, 1977, Coker signed an option agreement and a customer's margin and option agreement and apparently on the same date submitted a new account information report, all with CCOC.

On June 24, 1977, Mr. Coker and Mr. Assaf entered into an oral agreement proposed by Mr. Assaf that they participate together in the options market with Mr. Coker providing the financing. Mr. Assaf said he would guarantee Mr. Coker against any losses of the money Mr. Coker put into the account. Mr. Assaf and Mr. Coker would each receive fifty percent of the profits from the account. The agreement was to be in effect for two months.

The co-manager of the office agreed to set up a meeting on September 27 with Mr. Coker, Mr. Assaf and himself as a representative of CCOC to resolve the issues between Mr. Assaf and Mr. Coker. At the meeting Mr. Assaf reaffirmed his guaranty against losses and set a deadline of October 15, 1977. Based on knowledge that his account had been restricted, Mr. Coker restricted CCOC and Mr. Assaf from making any trades in his account. This was confirmed by letter of September 27, 1977.

As of October, 1977, Mr. Coker had not received any money from Mr. Assaf or CCOC. On October 17, 1977, Mr. Coker and Mr. Assaf

entered into a written agreement in which Mr. Assaf agreed to pay $5,094 on October 21, 1977 to John Coker. John Coker agreed to give Mr. Assaf good and valuable consideration and 25 options on National Semiconductor (NSM) due November 19, 1977. Mr. Coker was participating in the value of the 25 options of NSM until he sold them.

On October 21, 1977 at a meeting with Mr. Assaf, Mr. Coker and Ron Harrison, co-manager of CCOC, Mr. Assaf said he no longer had the money to pay the $5,094. Mr. Harrison said he had been instructed by Steve Anthony, representing CCOC, that on commissions generated by Mr. Assaf, Mr. Assaf would receive $700 monthly, and CCOC and Mr. Coker would split any excess amount of commissions generated on a 50-50 basis until the debt was fully repaid. Mr. Harrison refused to put the proposal in writing and Mr. Coker refused to agree to it.

There was testimony that Mr. Coker had incurred legal fees of $3,700 and other expenses of $500. The jury returned a verdict for these amounts and for the contractual amount of $5,094 against Mr. Assaf and CCOC.

The appellants appeal the judgment and denial of their motion for new trial and motion for judgment notwithstanding the verdict. We affirm in part and reverse in part.

1. In assessing all of the evidence in the case in the light most favorable to the verdict we find no evidence that there was a guarantee against losses by anyone other than Mr. Assaf. The trial court erred in failing to grant judgment notwithstanding the verdict (Enumeration 7) as to CCOC. Accordingly, the judgment in Case No. 60775 is reversed and the remaining enumerations in that case need not be addressed. *Crooker v. Hamilton,* 3 Ga. App. 190 (1) (59 SE 722).

2. In appellant Assaf's first enumeration, he alleges "the trial court prejudicially erred in refusing to allow Mr. Steven Anthony to testify on behalf of defendants [CCOC] and Joseph M. Assaf." Mr. Anthony had violated the rule providing for sequestration.

The defense made an offer of proof of Mr. Anthony's testimony. None of his testimony would have been beneficial to Mr. Assaf. His offered testimony for the most part relates to the liability of CCOC. Assuming without deciding that the testimony is otherwise admissible, his offered testimony concerning guarantees by Mr. Assaf is that their investigation is inconclusive and of no benefit to Mr. Assaf. The issue of the right to testimony of a witness who has violated the rule of sequestration has been settled in *International Assoc. of Bridge &c. Local 387 v. Moore,* 149 Ga. App. 431, 435 (254 SE2d 438); see also *Pearley v. State,* 235 Ga. 276, 277 (219 SE2d 404).

That issue is not pertinent here. The appellant has shown no harm. *Dill v. State,* 222 Ga. 793, 794 (152 SE2d 741).

3. The appellant next alleges the trial court prejudicially erred in excluding from use at trial the deposition of plaintiff Coker.

At the outset of the trial, the court noted that there were no depositions on file with the court and none could be used in the trial. Although appellant's counsel asked for clarification, he made no objection to the ruling of the trial court. Having made no objection below, he cannot raise this issue for the first time on appeal. *Building Assoc. v. Crider,* 141 Ga. App. 825 (234 SE2d 666); *Carter v. Pruitt,* 235 Ga. 204 (219 SE2d 114).

4. In his third enumeration, the appellant alleges "the trial court prejudicially erred in instructing the jury that in this contracts case it could return a verdict against both Joseph M. Assaf and his employer and principal [CCOC]."

In view of our holding in Division 1 that the evidence is insufficient to sustain the judgment against CCOC, the appellant shows no prejudice to him that the trial court charged that CCOC might share in the liability and certainly could not be prejudiced simply because the trial court charged that the jury could find another liable. The charge as to Mr. Assaf was not error. *Dill v. State,* supra. An agent who enters into a contract in his own name and for his own benefit and not on behalf of his principal, is personally bound under the contract and not the principal. *Verhey v. Cook,* 142 Ga. App. 280 (235 SE2d 678); *Hagan v. Candler,* 59 Ga. App. 587, 589 (1 SE2d 693), affd. 189 Ga. 250 (5 SE2d 739).

5. Appellant alleges the court prejudicially erred in failing to direct a verdict in favor of defendants on the issue of whether plaintiff was entitled to recover attorney fees and expenses.

The Georgia statute (Code Ann. § 20-1404) provides: "The expenses of litigation are not generally allowed as part of damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused plaintiff unnecessary trouble and expense, the jury may allow them."

From the evidence admitted in court, the jury was warranted in finding that the appellant Assaf had been stubbornly litigious and had caused plaintiff unnecessary trouble and expense. *Buffalo Cab Co. v. Williams,* 126 Ga. App. 522, 525 (191 SE2d 317). The trial court did not err in failing to direct a verdict in favor of the appellant on the issue of entitlement to attorney fees and expenses.

6. Finally, a review of the evidence summarized above confirms that the trial court did not err in denying the defendants' motion for judgment notwithstanding the verdict and therefore appellant Assaf's fifth and final enumeration is without merit.

*Judgment as to Assaf is affirmed; as to CCOC, judgment is reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 10, 1981 —

*Frederick G. Boynton, James H. Bratton, Jr.,* for appellant.
*Michael Watson, John H. Ridley, Jr.,* for appellee.