## 69103. DUNCAN v. BALL et al.
(324 SE2d 477)

DEEN, Presiding Judge.

In April 1978 appellant Carole C. Duncan signed a promissory note for $7,500 and a deed to secure debt naming the Cobb Bank & Trust Co. ("the bank") as grantee. The purpose of executing these documents was to obtain cash to pay certain obligations incurred by appellant's husband and the tax bills and mortgage payments due on the family's Fulton County home, which was titled in appellant's name. She signed the documents in the office of one Jerry Berthold, an attorney whom she had retained for the purpose. Because this was done after the firm's normal office hours, the notary public on the firm's staff had gone home; at Berthold's direction, the latter affixed her signature and seal to the documents at some later time, when Ms. Duncan was not present. The documents were subsequently recorded in the Cobb County deed books. Ms. Duncan alleges that the notarization was done without her knowledge.

In June 1978 the bank began foreclosure proceedings. Ms. Duncan alleges that she received no notice of the impending proceedings, attributing the alleged non-receipt to the fact that the family mailbox was stolen in early June. On August 1, 1978, appellee Ball and his associates ("Ball") purchased the Duncan home for some $16,000 at the foreclosure sale, and on August 2 Ball's attorney hand-delivered to appellant a letter demanding possession of the premises. Twelve days later Ms. Duncan filed an action in the Cobb County Superior Court against Ball and his two associates, the bank, certain bank officers, the notary public in Berthold's employ, and Berthold himself, as well as his partner and their law firm. The complaint alleged, *inter alia*, that the defendants had schemed and conspired to fraudulently deprive her of her home; that the attorneys had violated the canons of legal ethics; that the deed to secure debt and the deed under power conveying the property were fatally defective; that her constitutional due process rights were violated when the property was sold allegedly without notice to her; that the bank officers had schemed to convey the property and use the proceeds to cover up certain questionable activities in the bank. She sought injunctive and declaratory relief as well as actual and punitive damages and attorney fees. She also prayed that the bank be ordered to pay the proceeds of the foreclosure sale into the registry of the court.

The case went to trial in July 1983. The court held that the improper notarization was a material alteration in the deed to secure debt but specifically left to the jury the question of whether it was done with fraudulent intent. (The instruction to the jury on this point is referred to by plaintiff as a "partial directed verdict.") The jury found for defendants on all counts, and the court entered an order

that the plaintiff receive nothing and pay all costs. Ms. Duncan filed an appeal and a pauper's affidavit. The latter was traversed, and Ms. Duncan was ordered to pay all costs of preparation of the record, but she stated that she was unable to do so. On February 14, 1984, the court dismissed the appeal for non-payment of costs. On that same date the court also denied Ms. Duncan's request that the July 1983 judgment be "corrected" so as to reflect the "partial directed verdict" regarding the "material alteration" of the deed to secure debt.[1]

Meanwhile, in January 1984, Ball filed a dispossessory action in the State Court of Fulton County. Ms. Duncan was ordered in early February to pay into the registry of the court "rent" in a sum reflecting the amounts due monthly for property taxes and payments on the two mortgages. Ball moved for summary judgment on March 8, and on May 9 the Fulton County State Court awarded summary judgment on all claims and issued a writ of possession. Duncan filed a notice of appeal. On June 8, 1984, the Cobb County Superior Court entered an amended order reflecting the "partial directed verdict."

On June 27 the Fulton County State Court entered an order denying Ms. Duncan's motion for reconsideration and for other relief. On appeal Duncan enumerates as error the trial court's granting appellees summary judgment and a writ of possession because (1) the pending notice of appeal in the Cobb County litigation functioned as a supersedeas; (2) the final judgment in the Cobb County action "shows on its face that appellees' deed . . . is a mere nullity"; and (3) "the final judgment in the prior litigation shows on its face that appellees' purported deed is incapable of recordation and appellees offered no proof of execution other than the illegally recorded deed under power." She requests that this court enter a supersedeas order "to meet the ends of justice," pursuant to OCGA § 5-6-46 (d). Appellees have filed a motion for damages on account of a frivolous appeal. *Held*:

1. In a civil action, the filing of a notice of appeal does not serve as a supersedeas until all costs in the trial court have been paid. OCGA § 5-6-46 (a); *Chappelaer v. Gen. GMC Trucks*, 130 Ga. App. 664 (204 SE2d 326) (1974). Once the costs are paid, the supersedeas comes into effect and the trial court loses jurisdiction over a given case while the appeal of that case is pending. In the instant case, however, the record reveals not only that the pending appeal cited by ap-

---

[1] At about this same time Ms. Duncan apparenty filed in the Fulton Superior Court a document entitled "Complaint in Equity and for Declaratory Judgment," seeking injunctive and declaratory relief, a jury trial, and general, special, and exemplary damages plus attorney fees for appellees' "unreasonabl[e] litigious[ness]." The prayers of this document, which does not appear in the record but a copy of which was filed by appellees with their motion for damages for a frivolous appeal, were apparently denied.

pellant was an appeal from a case in a different jurisdiction (Cobb County), but also that shortly after the dispossessory action was filed in Fulton County, that appeal was dismissed by the Cobb Superior Court precisely because appellant had not paid the costs. Thus at the time the present action was filed, there was no supersedeas in effect at all — and *a fortiori* none in Fulton County — which would suffice to block appellees' filing an action in the State Court of Fulton County. Appellant's first enumeration is without merit.

2. Examination of the record discloses that, contrary to appellant's allegation, the Cobb County judgment does not hold appellees' deed to the subject property to be a nullity. A deed not executed in precisely the manner prescribed in OCGA § 44-5-30 is not properly recordable and therefore does not give constructive notice to all the world. *Higdon v. Gates*, 238 Ga. 105 (231 SE2d 345) (1976). As between the parties themselves, however, the deed is valid and binding, absent fraud and certain other conditions which do not obtain here. *Hoover v. Mobley*, 198 Ga. 68 (31 SE2d 9) (1944). The issue of fraud raised below by appellant was decided adversely to her in a court of competent jurisdiction, and she was therefore estopped to raise it in the action below. OCGA § 9-12-40; *Transamerica Ins. Co. v. Thrift-Mart*, 159 Ga. App. 874 (285 SE2d 566) (1981). In the instant case there is no disputing of title by a *bona fide* purchaser without notice or by any other third party; rather, the dispute is between the parties to the promissory note and deed to secure debt, or their successors. Appellant does not deny that her signature appears on the deed to secure debt.

It is patent, then, that the deed to secure debt validly transferred title to Cobb Bank & Trust Co., and that appellees in turn acquired valid title through purchase at the foreclosure sale. See, e.g., *Budget Charge Accounts v. Peters*, 213 Ga. 17, 19 (96 SE2d 887) (1957). Whether or not the sale brought a price commensurate with appellant's equity is not, contrary to appellant's allegations, an issue before this court.

Moreover, the trial court was correct in holding that as a matter of law appellant is appellees' tenant at sufferance, and that a tenant cannot dispute his landlord's title. *Hyman v. Leathers*, 168 Ga. App. 112 (308 SE2d 388) (1983); *Remy v. Citicorp &c. Financial Center*, 159 Ga. App. 726 (285 SE2d 76) (1981); *McKinney v. South Boston Savings Bank*, 156 Ga. App. 114 (274 SE2d 34) (1980). The "equal dignity" rule invoked by appellant in support of her contention that the bank could not convey good title to appellees because the power of sale in the deed to secure debt was invalid, is inapposite to the case at bar, as are the cases cited. This rule is derived from the law of agency, which is not involved in the instant case. OCGA § 10-6-2. The bank was appellant's grantee, not her agent, and in its own right as

grantor conveyed title to appellees. Appellant's second and third enumerations are without merit.

3. Appellees have filed a motion seeking damages because of the allegedly frivolous nature of this appeal. As we have held in Division 2, supra, the purported legal ground on which appellant bases this appeal is plainly and palpably erroneous; that is, the legal effect of the improper attestation and recordation of the deed to secure debt *vis-à-vis* appellees. We therefore grant appellees' motion and award damages in the amount of $500.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 16, 1984 —
REHEARING DENIED NOVEMBER 27, 1984 

*Victoria D. Little, Sidney L. Moore, Jr.*, for appellant.
*Wade K. Copeland*, for appellees.