## 71968. HODGES PLUMBING & ELECTRIC COMPANY v. ITT GRINNELL COMPANY.
(347 SE2d 257)

BEASLEY, Judge.

Appellee brought suit against "M. Ray Hodges Plumbing & Electric Co.," alleging indebtedness on an account and two other counts. The complaint also sought attorney fees and punitive damages for stubborn litigiousness. Hodges answered, denying all allegations, asserting several defenses, and counterclaiming for a set-off in any indebtedness. In June 1984, the defendant moved for summary judgment on its first three defenses: failure to state a claim; failure to state a claim as to attorney fees and punitive damages; and that M. Ray Hodges was not the owner, was not liable, and was not a proper party. On July 24, the trial court granted summary judgment on the second and third defenses, ordering the plaintiff's prayers for punitive damages and attorney fees stricken and finding that Hodges was not a proper party.

On January 15, 1985, the plaintiff amended its complaint, again seeking to recover exemplary damages and attorney fees, but alleging bad faith, fraud, and deceit as the basis for such recovery. The case was tried before a jury on April 8, and the plaintiff was awarded $2,400 in attorney fees. All enumerations of error pertain to that portion of judgment awarding attorney fees.

1. It is true that summary judgment is a decision on the merits. *Usher v. Johnson*, 157 Ga. App. 420, 422 (278 SE2d 70) (1981); *Ellington v. Tolar Constr. Co.*, 142 Ga. App. 218 (235 SE2 729) (1977). However, the question here is whether the grant of summary judgment had the requisite finality so as to bind the subsequent conduct of the proceedings.

While final judgments may not be modified after the term in which they were rendered (subject to certain exceptions), "an interlocutory ruling does not pass from the control of the court at the end of the term if the cause remains pending." *Cotton States Mut. Ins. Co. v. Neese*, 173 Ga. App. 62, 63 (1) (325 SE2d 408) (1984) [reversed in part on other grounds, *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335 (329 SE2d 136) (1985)]. As this court noted in *Bradley v. Tattnall Bank*, 170 Ga. App. 821, 823 (1) (318 SE2d 657) (1984): "The 'law of the case' rule is subject to the power of the court, and the court may, in a proper case disregard or correct its former decision where the cause remains pending before it." To effectuate this mode of operation, Georgia has abolished the law of the case rule. OCGA § 9-11-60 (h). Thus, rulings which adjudicate "fewer than all the claims or the rights and liabilities of fewer than all the parties" are subject to revision at any time before final judgment unless the court issues an order "upon express direction" under OCGA § 9-11-54 (b).

The grant of a partial summary judgment is a hybrid. Ordinarily, tested by the applicable appeal provisions it would not be subject to direct review. However, it is expressly made directly appealable by OCGA § 9-11-56 (h). As such, it is "final" for the purpose of permitting it to form the basis for appealing other interlocutory orders which would not otherwise be appealable directly. *Southeast Ceramics v. Klem*, 246 Ga. 294 (1) (271 SE2d 199) (1980).

The "finality" status in this role does not change the fact that it is inherently an interlocutory order as the Supreme Court decisions have been quick to point out. See *Culwell v. Lomas & Nettleton Co.*, 242 Ga. 242, 243 (248 SE2d 641) (1978); *Mitchell v. Oliver*, 254 Ga. 112, 113 (1) (327 SE2d 216) (1985).

In this case the trial court did not enter an order of finality based upon express determination and express direction under OCGA § 9-11-54 (b). Hence the ruling was interlocutory. This, of course, did not mean that such order could be treated with impunity. It was valid,

subsisting and controlling upon the subsequent conduct of the proceedings unless it was revised or rescinded.

With this in mind, consider what transpired here.

The motion and grant of summary judgment related to the pleadings as they existed at that time. The plaintiff had set out what the court deemed to be simply a breach of contract claim, so that its prayer for attorney fees could not be supported because a mere refusal to pay is an insufficient basis. The court cited *Schafer Baking Co. v. Greenberg*, 51 Ga. App. 324, 326 (180 SE 499) (1935) (overruled on other grounds, *Ga.-Carolina Brick &c. Co. v. Brown*, 153 Ga. App. 747, 752 (266 SE2d 531) (1980)).

Thereafter, the complaint was amended, without objection, to set out specific averments of fraud and deceit and bad faith, the absence of which had led the court originally to construe the complaint as merely a breach of contract claim. The amendment with the new claim, new because it was now legally cognizable, sought attorney fees on this basis.

No motion for summary judgment was made as to the substantively amended pleadings, and the case went to trial on them. No objection was made to the evidence related to this issue. Instead, defendant first contended when moving for a directed verdict that the issue of attorney fees had been foreclosed by the prior order. At this point the trial court was authorized to find that defendant had not previously relied upon any conclusiveness of the former decision and had waived the right to insist upon it. "For the purpose of promoting justice," *Bradley v. Tattnall Bank*, supra at 823, the court chose to revise its prior decision to permit the issue of attorney fees to go to the jury while simultaneously confirming that portion of the prior ruling which prohibited exemplary damages.

A directed verdict generally raises the question of whether there is evidence to support the claim and allow the jury to decide the issue, or whether, on the other hand, the evidence demands a verdict for the movant. OCGA § 9-11-50. *Findley v. McDaniel*, 158 Ga. App. 445, 446 (1) (280 SE2d 858) (1981). By waiting until this point, defendant allowed the issue, which had been raised again in the amended pleadings, to be made an issue at trial. There being evidence to support the plaintiff's claim for attorney fees, the court did not err in denying the motion, which by its very nature and character acknowledges the issue's pendency and questions the adequacy of the evidence on it. See, e.g., *Assaf v. Coker*, 157 Ga. App. 432, 434 (5) (278 SE2d 82) (1981). In view of this and defendant's dilatory objection to the amended complaint and evidence, the trial court's ruling is correct and the jury's verdict stands.

2. The trial court was correct for yet another reason. The grant of summary judgment was to the defendant "M. Ray Hodges, d/b/a

Hodges Plumbing & Electric Company." The judgment was against "Hodges Plumbing & Electric Company, a Division of Hodges Lumber Company, Inc." The summary judgment in favor of the one would not constitute summary judgment as to the other. In other words, the verdict and judgment for attorney fees against the appellant would not be barred because it had been awarded to someone else.

*Judgment affirmed. Banke, C. J., Pope, and Benham, JJ., concur. Carley, J., concurs in Division 1 and in the judgment. Deen, P. J., McMurray, P. J., Birdsong, P. J., and Sognier, J., dissent.*

DEEN, Presiding Judge, dissenting.

1. An examination of the transcript shows that the jury was charged that the plaintiff was contending that the defendant acted in bad faith and was stubbornly litigious, and was further charged that it could award attorney fees if the defendant acted in bad faith or was stubbornly litigious, or caused the moving party unnecessary trouble or expense. The jury was not charged that attorney fees could be awarded for fraud and deceit, as alleged in the amended complaint. In other words, the basis for the award of attorney fees was the mere refusal to pay, which the majority holds is not sufficient to sustain such an award.

Moreover, the portion of the judgment awarding attorney fees cannot stand, as this issue was decided adversely to the plaintiff on summary judgment and no appeal was taken from that decision. The grant of summary judgment is a decision on the merits. *Usher v. Johnson,* 157 Ga. App. 420, 422 (278 SE2d 70) (1981); *Ellington v. Tolar Constr. Co.,* 142 Ga. App. 218 (235 SE2d 729) (1977). Appellee's argument that the trial court had the· power to amend the order granting summary judgment is without any merit whatsoever. A trial court may change its judgment during the term in which it is rendered, but this authority does not exist beyond that time. If, however, proceedings are begun during a given term, they may be continued over and the judgment set aside or modified after the term has expired. *Ammons v. Bolick,* 233 Ga. 324, 325 (210 SE2d 796) (1974). "[T]he term of court in which the judgment rendered became effective is controlling; that is, when it was entered by filing the signed order with the clerk." *Bowen v. State,* 239 Ga. 517, 519 (238 SE2d 62) (1977); *Bowen v. State,* 144 Ga. App. 329, 330 (241 SE2d 431) (1977). After the term at which the order was filed with the clerk has expired, the court cannot set aside the order or judgment.

The Baldwin Superior Court has four terms per year, which begin on the second Monday in January, April, July, and October. OCGA § 15-6-3 (26) (A). The order granting summary judgment during the July 1984 term of court could not be altered at the April 1985 term. Accordingly, I find that the trial court erred in allowing the issue of

attorney fees to go to the jury and would reverse that portion of the judgment which awarded attorney fees to the plaintiff.

2. As to the majority's second reason for affirming the award of attorney fees, I must also disagree because the majority has held that breach of contract and mere refusal to pay is insufficient to support such an award. I reiterate that the jury was not charged that fraud and deceit can serve as a basis for such an award.

I must respectfully dissent. I am authorized to state that Presiding Judge Birdsong and Judge Sognier join in this dissent.

DECIDED JUNE 3, 1986 —
REHEARING DENIED JUNE 27, 1986 — 

*Robert H. Herndon*, for appellant.
*Patricia A. Hoin, W. Cary Herin, Jr.*, for appellee.