## A99A1804. DOBBS v. ATKINSON.
(517 SE2d 597)

McMURRAY, Presiding Judge.

Plaintiff-appellee Janice Atkinson commenced this dispossessory action against defendant-appellant Teretha Dobbs, alleging that defendant is a tenant who "fails to pay rent now due. . . ." Defendant answered and alleged a partial failure of consideration. The case was set for a hearing on December 14, 1998, before the State Court of DeKalb County, which purportedly rendered judgment for plaintiff by granting the writ of possession and awarding back rent in the amount of $850. In response to defendant's demand for findings of fact and conclusions of law (contained in defendant's notice of appeal)

filed December 21, 1998, the state court entered a subsequent order on January 25, 1999, indicating that, at the trial of the case, defendant "chose to relinquish [certain] claim[s] and requested transfer of [the] case to State Court, jury division." *Held*:

Under OCGA § 5-6-35 (a) (3), the aggrieved party must comply with the discretionary appeal procedures in order to review a judgment rendered in a dispossessory action where the only issue is the amount of back rent due, and the amount awarded is less than $2,500. Here, the amount of rent initially awarded is only $850, and were we to consider the December 14, 1998, ruling of the state court to be a final disposition, we would be obliged to dismiss this attempted direct appeal based on the absence of the jurisdictional amount.

Ordinarily, the filing of a notice of appeal acts as supersedeas but only "upon payment of all costs in the trial court by the appellant," OCGA § 5-6-46 (a), or the filing of an affidavit of indigence. See *Saylors v. Emory Univ.*, 187 Ga. App. 460, 461 (1) (370 SE2d 625). Here, there is no indication that defendant paid all costs in the trial court. Moreover, defendant's ambiguous notice of appeal also contains an express request for findings of fact and conclusions of law from the state court. The order of January 25, 1999, indicates that the December 14, 1998 order was in fact an interlocutory ruling ordering defendant to pay rent into the registry of the court pending the transfer of the case for a jury trial. Applying the presumption of regularity accorded to the processes of the trial court in the absence of a transcript, we can conclude only that defendant waived her insistence on any supersedeas (thereby permitting the state court to vacate its earlier ruling granting the writ of possession) and that she accepted the state court's transfer of her case to the jury division for the initial determination of the merits of the petition and defendant's counterclaims. Consequently, with the understanding that defendant permitted the vacation of the December 14, 1998 order in conjunction with transfer of the entire case for jury trial, we conclude the judgment appealed from is not a final judgment within the meaning of OCGA § 5-6-34 (a) (1) and must be dismissed for failure to comply with OCGA § 5-6-34 (b), the procedures for interlocutory appeal.

*Appeal dismissed. Johnson, C. J., and Pope, P. J., concur.*

DECIDED MAY 18, 1999.

Teretha Dobbs, *pro se*.
Janice A. Atkinson, *pro se*.