A02A1068, A02A1069. LOTT v. ARRINGTON & HOLLOWELL, P.C.
(two cases).
(572 SE2d 664)

MILLER, Judge.

A debtor appealed a $55,000 judgment against him but failed to pay appeal preparation costs, and the appeal did not proceed. Six years later, the judgment creditor sought to garnish over $109,000 held by the debtor in a bank account. The debtor traversed the gar-

nishment, claiming (1) no garnishment could proceed since the appeal was never dismissed, (2) the lack of any court order for five years dismissed the underlying judgment, and (3) the garnishment could only attach to approximately $89,000 (a point conceded by the creditor). The garnishment court entered a judgment that denied the entire traverse if the original court dismissed the aging appeal, and that granted the entire traverse if the court did not. When the appeal was later dismissed, the entire traverse stood denied. We agree with the garnishment court that portions of the traverse were properly denied, but hold that the garnishment court should have reduced the admittedly excessive interest amount from the funds subject to garnishment.

In November 1994, Arrington & Hollowell, P.C. (a law firm) obtained from the State Court of Fulton County a judgment against Clarence Lott for an unpaid bill. The judgment consisted of $42,386.18 in principal, $4,263.62 in attorney fees, and $8,901.06 in prejudgment interest. A writ of fi. fa. immediately issued, which included another $88 in court costs. In December 1994, Lott filed a notice of appeal, and two months later the court clerk sent Lott a bill for $422.90, which represented the estimated cost of preparing the record for appeal. Lott did not pay this bill, so the clerk returned the file in May 1995. The appeal did not proceed.

Five years later, the law firm filed garnishment proceedings (also in the State Court of Fulton County) against Lott's account at a local bank and included an affidavit that the judgment amount with interest was now $109,645.54. Lott traversed the affidavit, and the bank answered the garnishment, paying $109,718.54 into the court registry. Lott argued that (1) the $109,645.54 affidavit amount included approximately $20,000 in interest unauthorized by law (a point conceded by the firm), (2) garnishment was improper in that the original appeal was still pending, and (3) the underlying judgment and action had been dismissed as a matter of law under the five-year rule set forth in OCGA § 9-11-41 (e). In the meantime, Lott paid the $422.90 in appeal preparation costs in the main action to the court clerk, and the firm moved to dismiss that appeal for Lott's waiting nearly six years to pay those costs.

After two hearings on the traverse, the garnishment court in December 2000 entered an order staying the garnishment until a ruling issued on the dismissal motion pending in the main action. The court further ordered that "if Plaintiff obtains a dismissal of the Notice of Appeal, the Garnishment is proper and Defendant's Traverse would be DENIED; however, if the Motion to Dismiss is Denied, the Traverse is PROPER and shall extinguish the garnishment." The court rejected the argument that the five-year rule applied to dismiss

the underlying judgment, and the court did not expressly address the excessive interest issue.

Four months later on April 3, 2001, Lott moved the garnishment court to release the approximately $20,000 in excess funds captured by the garnishment, a point the firm had earlier conceded to the court. In an order dated May 14, 2001, however, the court concluded that the December 2000 order covered the issue and was a final judgment, and that since the term of court in which the order had been entered had expired, the court lacked the power to modify the order so as to reduce the amount to be paid out to the firm.

Seven days later, the court in the main action dismissed the appeal. Although not reflected in the record, Lott claims in his appellate brief that the garnishment clerk then on May 29, 2001, paid out two checks to the firm, one in the amount of $109,643.54 and one in the amount of $75.

Lott's applications for discretionary appeal having been granted, he filed two notices of appeal. In Case No. A02A1068, he appeals from "the order and disbursement of funds entered in this action on May 29, 2001." In Case No. A02A1069, he appeals from "the order entered in this action on May 14, 2001." We hold that the first appeal lacks merit, but that in the second appeal the court erred in refusing to modify the garnishment amount to reflect the proper and undisputed calculations.

## Case No. A02A1068

1. In Case No. A02A1068, Lott appeals from "the order and disbursement of funds entered in this action on May 29, 2001." Nowhere in the record, however, is there any order dated May 29, 2001. Nor is there any evidence or order reflecting that funds were disbursed that day. Lott claims that the disbursements are reflected on the trial court docket sheet, but he has failed to include that sheet in the record, despite his promise in his appellate brief (filed several months ago) that he would move to supplement the record to include the sheet. See *Wheeling-Culligan v. Allen*, 243 Ga. App. 776, 777-778 (533 SE2d 797) (2000) (on motion for reconsideration) (appellant's failure to have record timely supplemented with key documents as promised in appellate brief requires affirmance). "It is the primary responsibility of the appropriate parties and not this court to ensure that all documents relevant to the disposition of an appeal be duly filed with the clerk of this court prior to the issuance of our appellate decision." Id. at 777.

"When an appellant fails to compile a complete record of what transpired at the trial level, appellate review is effectively precluded. [Cit.]" *Aqua Sun Investments v. Kendrick*, 240 Ga. App. 671, 672 (1)

(524 SE2d 519) (1999). Here, we have no record of the May 29 order or action appealed from, which necessarily prevents our reviewing same. *Anderson v. State*, 228 Ga. App. 453, 456 (1) (491 SE2d 893) (1997) ("Because the record contains no order [on the appealed issue], we are precluded from reviewing this issue on appeal.") (citations and punctuation omitted); *Grier v. Skinner's Furniture Store*, 180 Ga. App. 607, 609 (3) (349 SE2d 826) (1986) ("the record which has been forwarded to this court pursuant to the grant of appellant's application contains no order entered by the trial court [on the matter appealed]," which precludes review).

2. Even if the matter were reviewable, the arguments raised by Lott fail on the merits.

(a) He first claims that the garnishment proceedings were unauthorized in that an appeal was pending on the underlying judgment and therefore supersedeas prevented execution on the judgment. However, "[i]n a civil action, the filing of a notice of appeal does not serve as a supersedeas until all costs in the trial court have been paid. OCGA § 5-6-46 (a); *Chappelaer v. Gen. GMC Trucks*, 130 Ga. App. 664[, 665 (1)] (204 SE2d 326) (1974)." *Duncan v. Ball*, 172 Ga. App. 750, 751 (1) (324 SE2d 477) (1984); see *ARA Health Svcs. v. Stitt*, 250 Ga. App. 420, 423 (1) (551 SE2d 793) (2001).

Here, as in *Dobbs v. Atkinson*, 238 Ga. App. 151, 152 (517 SE2d 597) (1999), "there is no indication that defendant paid all costs in the trial court." Lott claims that according to the docket sheet not found in the record, "the 'costs' portion of the judgment *appears* to have been paid by the Defendant on December 11, 1992." (Emphasis supplied.)[1] The record before us, however, belies this equivocal assertion, for the writ of fi. fa. issued two years later at the time of judgment and before the notice of appeal was filed *added* $88 in costs to the judgment against Lott. Since Lott concedes that these costs represented the initial filing fees of the case, the clerk's addition of these court costs to the fi. fa. indicates that Lott had not paid those costs as of November 1994, and Lott has never claimed to have paid them thereafter.

Furthermore, when Lott was assessed $422.90 in appeal preparation costs, he did not pay that amount within the 20-day safe-harbor period allowed by OCGA § 5-6-48 (c). Indeed, his steadfast refusal to pay the amount caused the court clerk to return the file three months later. Nor did he pay the amount for the next five and one-half years, and then he did so only after the firm commenced garnishment proceedings. His failure to pay either the $88 in filing fee

---

[1] An equally equivocal representation was made but not substantiated to the trial court.

court costs or the $422.90 in appeal preparation court costs meant that at the time garnishment proceedings commenced, no supersedeas was in effect to block efforts to execute on the judgment. *Cumberland Fertilizer Co. v. Williams*, 146 Ga. 27, 29 (90 SE 464) (1916) ("There being no supersedeas [for failure to pay costs], the plaintiff in fi. fa. had a right to proceed with the enforcement of this execution. [Cits.]"); see *Duncan*, supra, 172 Ga. App. at 751-752 (1); see also *Leventhal v. Seiter*, 208 Ga. App. 158, 165-166 (11) (430 SE2d 378) (1993).

(b) Lott's second argument is that OCGA § 9-11-41 (e) dismissed the action and judgment underlying the garnishment when no order was taken in that action for over five years after judgment was entered. This five-year rule, however, applies to cases awaiting disposition, not to cases already adjudicated by verdict or judgment. *Jefferson v. Ross*, 250 Ga. 817, 819 (301 SE2d 268) (1983); *Lewis v. Price*, 104 Ga. App. 473, 476-477 (2) (122 SE2d 129) (1961).

(c) Lott's third argument is that the funds disbursed to the firm exceeded the amount allowed by law. Specifically, Lott claims that the court clerk paid the firm over $109,000 when in fact approximately $89,000 was due. Since the record does not reflect what (if anything) the clerk actually paid the firm, we cannot consider this argument on the merits.

As we discern no reversible error in Case No. A02A1068, we must affirm.

### Case No. A02A1069

3. In Case No. A02A1069, Lott appeals from the May 14, 2001 garnishment order that denied his motion to modify the December 2000 garnishment judgment. Lott had sought to have the excess funds of $20,000 paid over to him. Lott argues that the garnishment court erred in concluding it lacked the power to modify the December order after the court term (in which the order was entered) expired. We agree with Lott.

The December order stayed the garnishment proceedings and ordered that the traverse was denied if the appeal in the underlying case were dismissed, and that the traverse was proper if the appeal were not dismissed. However, Lott had specifically shown as part of his traverse that the $109,645.54 affidavit amount was approximately $20,000 too high in that the firm had mistakenly calculated interest on the prejudgment interest portion of the judgment, which is prohibited by law. See *Groover v. Commercial Bancorp of Ga.*, 220 Ga. App. 13, 16 (1) (b) (467 SE2d 355) (1996); see generally OCGA § 9-12-10. *Even though the firm conceded to the garnishment court that Lott was correct*, the court in its December order held that the

*entire* traverse would be denied if the appeal of the underlying judgment were dismissed, which thereby would allow the court clerk to pay out the entire $109,645.54 amount to the firm upon the dismissal of the appeal.

To correct this error, Lott in April 2001 moved the garnishment court to release to Lott the $20,000 in excess funds held by the clerk. In effect, this was a motion to modify the December order to conform it to the facts stipulated by the parties and to the plain letter of the law. The court denied this motion, finding that its December order was a final judgment that could not be altered once the December term of court expired. Since the December term for the garnishment court had expired on December 31, 2000 (see Ga. L. 1983, pp. 4501-4502, § 1), the court held that Lott's April 2001 motion was too late and left the court without the authority to modify the judgment. See *Carswell v. Shannon*, 209 Ga. 596, 598-599 (2) (74 SE2d 850) (1953) (judgments, even if erroneous, may not be modified after the term in which they were rendered).

Herein the court erred. "While final judgments may not be modified after the term in which they were rendered . . . , an interlocutory ruling does not pass from the control of the court at the end of the term if the cause remains pending." (Citations and punctuation omitted.) *Hodges Plumbing &c. Co. v. ITT Grinnell Co.*, 179 Ga. App. 521, 522 (1) (347 SE2d 257) (1986); accord *Pledger v. State*, 193 Ga. App. 588, 589 (2) (a) (388 SE2d 425) (1989). Such rulings "are subject to revision at any time before final judgment unless the court issues an order 'upon express direction' under OCGA § 9-11-54 (b)." *Hodges Plumbing*, supra, 179 Ga. App. at 522 (1); see *Hubbert v. Williams*, 175 Ga. App. 393, 394-395 (1) (333 SE2d 425) (1985); *Van Keuren v. Loomis*, 128 Ga. App. 136-137 (1) (195 SE2d 776) (1973).

The December 2000 order here was not a final judgment but was interlocutory. By its own terms, the judgment was not final but gave alternative rulings, which were conditioned on the outcome of another court's upcoming ruling on the firm's motion to dismiss the appeal in the main action. "Only upon the occurrence of the condition . . . could this judgment become final. . . . A verdict or judgment cannot be final where it is dependent on a later judgment for final determination. [Cit.]" *Alexander Underwriters v. Ins. Agencies of Ga.*, 156 Ga. App. 560, 562 (1) (275 SE2d 138) (1980). The court order dismissing the appeal in the main action was not entered until the week after the garnishment court held it was without power to modify the December 2000 judgment. Accordingly, the garnishment court erred in holding that it lacked power to correct the December 2000 judgment so that the judgment would reflect the proper amount of the funds subject to garnishment. We reverse the May 14, 2001 order holding otherwise and remand the case for proceedings consistent

with this opinion. We specifically direct the garnishment court to modify the December 2000 judgment so as to specify the correct amount of money subject to the garnishment.

*Judgment affirmed in Case No. A02A1068. Judgment reversed and case remanded with instruction in Case No. A02A1069. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED OCTOBER 1, 2002 —
RECONSIDERATION DENIED OCTOBER 18, 2002 ▮

*James W. Penland,* for appellant.

*Hollowell, Foster & Gepp, Stanley E. Foster, Gary W. Diamond,* for appellee.