**In re KYU SUP MUN, Debtor.**

**Marvin Hewatt Enterprises, Inc., Plaintiff,**

**v.**

**Kyu Sup Mun, Defendant.**

**Bankruptcy No. 09–44417–MGD.**
**Adversary No. 10–4013–MGD.**

United States Bankruptcy Court,
N.D. Georgia,
Rome Division.

Sept. 1, 2011.

Eckhart Blackert, Timothy S. Walls, Mills & Hoopes, LLC, Lawrenceville, GA, for Plaintiff.

David J. Casey, Smyrna, GA, for Defendant.

### ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

MARY GRACE DIEHL, Bankruptcy Judge.

This case involves an attempt by a creditor to deny debtor a discharge based upon 11 U.S.C. § 727(a)(2)(transfer of property within one year of filing) or § 727(a)(4) (false oath). The undisputed material facts defeat both claims because the transfer at issue occurred outside the one year period and the only disclosure error was unintentional and was corrected. Creditor's Motion to Amend Complaint is granted. Debtor's Motion for Summary Judgment is also granted.

## I. Procedural History

Creditor Marvin Hewatt enterprises, Inc. ("Plaintiff") timely filed its complaint objecting to Defendant Kyu S. Mun's ("Debtor") discharge under 11 U.S.C. § 727(a)(2), (3), (4), (5) and (7) as well as 11 U.S.C. § 548(a)(1). (Docket No. 1). Plaintiff filed a motion for summary judgment which was denied by the Court. (Docket No. 17).

Thereafter, Plaintiff filed a Motion to Amend Complaint to limit the relief sought to section 727(a)(2) and (4). (Docket Nos. 22 & 28). Debtor filed a Motion for Summary Judgment, which was addressed to the original complaint but applies with equal force to the amended complaint. (Docket No. 19). Both motions are now ripe for determination.

## II. Plaintiff's Motion to Amend Complaint

▉▉▉ Debtor opposes the motion to amend based upon the timeliness of the motion and the potential for prejudice to Debtor. The granting of a motion to amend is within the discretion of the court. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The proposed amendment merely deletes a number of claims and alleges no new facts except the fact that the quitclaim deed was recorded in the wrong county. That fact was already apparent from the face of the documents presented by both parties to the Court. Since Debtor's Motion for Summary Judgment already addresses all of the issues raised in the amended complaint, there is no prejudice. Plaintiff's Motion to Amend is therefore GRANTED.

## III. Defendant's Motion for Summary Judgment

### A. Material Undisputed Facts

Plaintiff filed a lawsuit against Debtor in 2003 and subsequently obtained a judgment. During the pendency of that lawsuit, Debtor transferred his interest in his residence to his wife by quitclaim deed dated October 14, 2005. The residence is located in Paulding County, Georgia. The quitclaim deed was recorded on October 18, 2005 in Gwinnett County, Georgia (Exhibit C to Defendant's Memorandum of Law, Docket No. 20; Exhibit N to Plaintiff's Brief, Docket No. 11). When Debtor filed his bankruptcy petition on November 2, 2009, his schedules disclosed that he had transferred his interest in his residence to his wife on October 15, *2009* rather than on October 14, 2005, as reflected on the quitclaim deed. The discrepancy was discussed at the section 341 meeting of creditors and Debtor acknowledged the error. The Debtor's Statement of Financial Affairs was subsequently, although belatedly, amended to correct this error. (Case No. 09–44417, Docket No. 30).

### B. Summary Judgment Standard

In accordance with Rule 56 of the Federal Rules of Civil Procedure, applicable to this Court pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment is appropriate only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). "Material facts" are those which might affect the outcome of a proceeding under the governing substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Further, a dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party has the burden of establishing its entitlement to summary judgment. *Clark v. Coats & Clark, Inc.,*

929 F.2d 604, 608 (11th Cir.1991). When the nonmoving party bears the burden of proof at trial, the burden can be satisfied if the moving party demonstrates the absence of evidence supporting the nonmoving party's case. *Hickson Corp. v. N. Crossarm Co., Inc.,* 357 F.3d 1256, 1259 (11th Cir.2004). In determining whether a genuine issue of material fact exists, the Court must view the evidence in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Rosen v. Biscayne Yacht & Country Club, Inc.,* 766 F.2d 482, 484 (11th Cir.1985). It remains the burden of the moving party to establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### C. Legal Conclusions

■ Count I of Plaintiff's amended complaint objects to Debtor's discharge under § 727(a)(2). That section provides that the Court shall grant the debtor a discharge unless:

> the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed
>
> (A) property of the debtor, within one year before the date of the filing of the petition ..."

11 U.S.C. § 727(a)(2).

Plaintiff acknowledges that Debtor attempted to quitclaim his interest in the residence on or about October 18, 2005, although Plaintiff also refers to the transfer as occurring on October 15, 2008 and on October 15, 2009, as reflected in Debtor's original Statement of Financial Affairs. (Amended Complaint ¶¶ 17, 21).

These allegations, however, do not create a dispute as to a material fact because they are not supported by any evidence to challenge the copy of the recorded quitclaim deed presented to the Court by both parties.

■ The only evidence in the record as to when the transfer actually occurred is the quitclaim deed itself. It is undisputed that the quitclaim deed was executed on October 14, 2005. Plaintiff claims that Debtor never *transferred* his interest in the marital residence to Debtor's wife because the quitclaim deed was recorded in the wrong county. Plaintiff confuses the distinct legal concepts of validity of transfer and priority of ownership (or security). Someone can transfer an interest in real property without ever recording a deed in the county records. *Duncan v. Ball,* 172 Ga.App. 750, 752, 324 S.E.2d 477 (1984). Indeed, even when a deed does not meet the requirements of recordation, the deed can still be valid as between the parties. *Id.*

■■ In Georgia, a deed is valid and conveys title to real property when 1) it is a written instrument purporting to convey title; 2) contains words of conveyance; 3) has a sufficient description of the land; 4) is signed by the grantor; and 5) is delivered to the grantee or someone on the grantee's behalf. *O.C.G.A.* § 44–5–30; Daniel Hinkel, 2 PINDARS GEORGIA REAL ESTATE LAW AND PROCEDURE § 19–15 (6th ed. 2004). Recording a deed only goes to the priority of lienholders and purchasers, not the deed's validity. "A deed not executed in precisely the manner prescribed in O.C.G.A. § 44–5–30 is not properly recordable and therefore does not give constructive notice to all the world. As between the parties themselves, however, the deed is valid and binding ...." *Duncan v. Ball,* 172 Ga.App. 750, 324 S.E.2d 477

(1984). And as stated in Pindars, "filing deeds for record is not … a duty, since failure to file is not made a misdemeanor and the instrument is still valid between the parties." Hinkel, 2 PINDARS at § 19–116. The penalty for failing to record a deed is the "loss of priority over subsequent purchasers or lienholders." *Id.* Filing a deed in county property records does no more than put the world on notice that the transfer occurred, thereby protecting the transferee from subsequent purchases or liens by third-parties. *Id.* at § 19–115.

In this case, Plaintiff alleges that the transfer did not occur because the quitclaim deed was recorded in the wrong county (i.e., not in the county where the property is located). Plaintiff offers neither argument nor evidence that the quitclaim deed is otherwise invalid. It is therefore undisputed that the deed is otherwise valid. Applying the law above, therefore, the quitclaim deed is still valid despite being improperly recorded. Thus, as evidenced by the quitclaim deed, a valid transfer of Debtor's interest in the marital residence occurred on October 14, 2005.

Debtor filed his bankruptcy petition on November 2, 2009. Nearly four years before this, in October 2005, Debtor had quitclaimed his interest in the marital residence to his wife. Under § 727(a)(2), a debtor's discharge can only be barred if the transfer occurred, with the requisite intent, within one year before the petition was filed. Here, the transfer did not occur within a year of the bankruptcy filing. Thus, even assuming Debtor transferred his interest in the marital residence with the requisite intent, Debtor's discharge cannot be barred under § 727(a)(2). Debtor is therefore entitled to judgment as a matter of law under the undisputed facts as to Count I.

Count II of Plaintiff's amended complaint objects to Debtor's discharge under § 727(a)(4). That section provides that the Court shall grant the debtor a discharge unless:

> (4) the debtor knowingly and fraudulently, in or in connection with the case—
>
> (A) made a false oath or account.

11 U.S.C. § 727(a)(4).

Plaintiff's claim under § 727(a)(4) is based is on 1) Debtor's failure to disclose an ownership interest in the marital property on Schedule A and 2) the scrivener's error as to the date of the transfer of the residence. Plaintiff argues that the transfer never occurred at all because the deed was improperly recorded, and therefore Debtor falsely left Schedule A blank and falsely listed a transfer on his Statement of Financial Affairs. (Amended Complaint ¶¶ 31–32).

Plaintiff's claim that Debtor made a false oath or account by not disclosing an ownership interest in the residence is without merit. As noted above, based on the undisputed facts before the Court and the law, the transfer occurred when the quitclaim deed was executed and delivered in 2005. Second, the evidence in no way suggests Debtor sought to mislead creditors since the transfer itself was disclosed, albeit with the wrong date.

Regarding the scrivener's error, Plaintiff has presented no evidence to suggest that Debtor intended to make a false oath or account as to the transfer date listed in his Statement of Financial Affairs. Plaintiff has not disputed that Debtor disclosed the correct date at the § 341 meeting. Additionally, Debtor would have no incentive to falsely claim the transfer occurred in 2009. If the transfer had occurred at that time, then Debtor's discharge could be barred under § 727. Here, honesty about the date of the transfer protects Debtor from a § 727 objection

to discharge. Despite not correcting the error until March 2011, it is undisputed that Debtor did not intend to make a false oath or account. Consequently, under the undisputed facts before the Court, Plaintiff cannot prevail under § 727(a)(4). Debtor is therefore entitled to summary judgment as a matter of law as to Court II. Accordingly, it is

**ORDERED** that Plaintiff's Motion to Amend Complaint is GRANTED. It is further

**ORDERED** that Debtor's Motion for Summary Judgment is **GRANTED.**

The Clerk shall serve a copy of this Order on the Plaintiff, counsel for Plaintiff, Defendant, counsel for the Defendant, and the Chapter 7 Trustee.

**IT IS ORDERED.**